Parker, C. J.,
delivered the opinion of the Court. The indictment alleges that the article stolen was of the goods and chattels of Cromwell Leonard. The evidence proved that the only interest which Leonard had in it was derived from the custody which he had undertaken for a deputy sheriff, who had attached the ox as the property of Olive Morse. The question presented by the motion for a new trial is, whether the allegation in the indictment, of property in Leonard, is sufficiently maintained by this evidence.
That the allegation is material, has not been questioned ; and it appears by the books on criminal law, that in all indictments for larceny, the articles alleged to be stolen must be averred to be “ of the goods and chattels ” of the right owner, if known; or of the goods and chattels cujusdam ignoti, which form of indictment contains an implied averment that the owner is not known. (1)
By the same books, it will appear that the averment will be made out by proving that the goods stolen *were either the general or special property of the person averred to be the owner. But the averment, being material, must be proved in order to support the indictment.
The only question, then, is, whether the report of the case by the judge shows that the ox stolen was of the goods and chattels, or, in other words, was the property, of Cromivell Leonard. It was not his property absolutely, for he had nothing but the possession, not *190 claiming any title to it. The special property was in the deputy sheriff who made the attachment. There is no third species of property. Leonard, therefore, was the mere servant of the deputy sheriff, to keep the property attached for him; having no legal interest in it, and no right to maintain an action for it, if taken out of his custody, as was decided in the cases of Ludden vs. Leavitt, (2) and Warren vs. Leland. (3)
It follows that the evidence at the trial was not sufficient to support the indictment. The verdict must be set aside, and a new-trial granted, (a)

 2 H. H. P. C. 182. — Cro. Eliz. 490, Long’s case.

90-6"> 9 Mass. Rep. 104.

 Ibid. 265.

 [The above decision is clearly wrong.— See the note to Ludden vs. Leavitt, 9 Mass. Rep. 4th ed. p. 102. — One may be guilty of larceny of his own goods from a bailee or servant; (2 Russ. Crim. Law, 155,156,157. — Rez vs. Bransbyy Russ, & Ry. 478. — Rex vs. Wilkinson, Russ. & Ry. 470;) and the indictment may allege the property to be in the servant or bailee.—2 Russ. 155, note (h). — 2 East. P. C. c. 16, § 90, p. 164. —Ed.]