Morton J.
drew up the opinion of the Court. Do the facts agreed on furnish a valid defence to this action ; and if not, may they be given in evidence in mitigation of damages ?
The ground of the defence is, that the chattels named in the officer’s return were not the property of the debtor at the time of the supposed attachment. Two questions necessarily arise upon the statement of the parties. Do the facts show a valid transfer of the property before the service of the plaintiffs’ original writ ; and if so, is it competent for the defendant to give this matter in evidence to defeat this action ?
The consideration of the assignment is not impeached, and there is nothing in the facts disclosed which shows any unfairness in the transaction. It must therefore be taken to be bond fide.
The possession of the property remaining in or being restored to the debtor, he could make delivery in fact to any purchaser. And had the assignee been a stranger, it cannot be doubted that the transfer would have been valid. Was there any thing in the relation which he bore to the parties or the property, which would prevent him from becoming the purchaser ?
The general property remained in the debtor. The special property was in the officer who made the attachment, unless he had lost the lien by giving up the possession to the general owner. The receipter was the mere servant of the officer, having no interest in the property nor any right to maintain *534 any action for a violation of his possession, that being in lact the possession of the attaching officer. Commonwealth v. Morse, 14 Mass. R. 217. This possession having been given up by the officer or his servant to the general owner, the latter might lawfully sell the property, whether it remained bound by the attachment or not. If holden, the general property would pass, subject to the lien of the officer, but absolute as to all others. If not holden, then it would pass freely and absolutely as to all the world.[1]
We can see no sufficient reason, founded either in authority, principle or policy, why the receipter, or even the officer himself, might not become the purchaser.[2] The officer undoubtedly relied upon the personal obligation of the receipter, rather than upon a specific lien upon the property itself. He must have been aware that the receipter might, and probably knew that he did in fact leave the property in the hands of the original debtor. And while there, it was not only liable to be sold, but might be attached by another officer.
In this state df the case it may well be doubted, whethei the officer could again attach the property without an actual seizure of it. And having returned an attachment of it, he must be presumed to have reseized it. He cannot now deny that he made a valid attachment. But if the debtor had no property in the articles returned on the writ, the plaintiffs most certainly lost nothing by the attachment of them. It gave the officer an opportunity to inquire into the ownership of them, but imposed upon him no obligation to levy upon them.
If the property was not holden by the plaintiffs’ attachment, they clearly had no claim upon the funds collected by the officer from the receipter. The first attachments having been dissolved by the discontinuance of the suits in which they were made, the payment of the amount of the receipt was voluntary on the part of the receipter. It was made with the *535 consent of the original debtor, and probably by the agreement of all parties legally interested. The money was holden by the officer in trust, to be appropriated agreeably to the wishes of the debtor and according to the arrangement of the parties in interest. Whether it was faithfully accounted for and properly applied, is a question which the proper persons may inquire into, but which the present plaintiffs have no right to investigate.
The property attached having passed from the debtor and vested in the assignee, can the defendant now be allowed to show that fact in defence of the action ? The general rule, that an officer cannot be permitted to falsify his own return, is too well established to be called in question. The deputy sheriff returned that he attached certain real estate and certain chattels, describing each. He cannot be suffered to deny that he attached these specific parcels of property.[1] But it is no part of his return in form or effect, that the title of the .real estate or the ownership of the chattels was in the debtor. And indeed the officer nowhere says or intimates that the- debtor owned or possessed either. It is therefore clearly competent for the defendant to prove that the property attached was in a third person, and not in the debtor. Fuller v. Holden, 4 Mass. R. 501 ; Tyler v. Ulmer, 12 Mass. R. 169 ; Learned v. Bryant, 13 Mass. R. 224.[2]
And we cannot perceive that it is material whether the officer makes the attachment by the direction of the plaintiff or of his own motion, or whether he did or did not know that the debtor had no interest in. the property attached. His return that he had attached certain property could not prejudice the creditor ; for he might levy upon it or not, as he should think expedient when he obtained his execution. If the officer acted without his direction, he would not be answerable for any trespass committed in making the attachment.
The judgment in the case of Gardner v. Hosmer, cited by the plaintiffs’ counsel, is perfectly consistent with the principles here laid down. In that case the officer was specially *536 directed “to attach property to the amount commanded or to hold to bail.” The return was, that he “attached property to respond the demand ” sued for. The officer assumed the responsibility, that the property attached was the debtor’s ; otherwise he would have been bound to hold to bail. The evidence offered by him was in direct contradiction of his return ; which is clearly inadmissible. And if he had been allowed to show that the debtor had no property liable to attachment, he would have been answerable for not having taken his body. But having elected to attach rather than to arrest, and having returned that he attached sufficient, he could not by any principle be allowed to show that he neither attached sufficient property nor arrested the body.
Upon the facts stated we are all of opinion, that.the property in the chattels attached was not in the original debtor at the time of the attachment; and that it is competent for the defendant to show this in defence of the action.[1]

 See Fettyplace v. Dutch, 13 Pick. 388; Arnold v. Brown, 24 Pick. 89; Whipple v. Thayer, 16 Pick. 25. If an officer deliver goods attached to a receipter, who gives them up to the debtor, the officer’s lien is lost; and the goods may be sold by the debtor, or attached by another creditor. Robinson v. Mansfield, 13 Pick. 139.

 See Arnold v. Brown, 24 Pick. 89.

 Barney v. Weeks, 4 Vermont R. 146.

 Canada v. Southwick, 16 Pick. 556.

 A receipter may, in an action brought by the officer on the receipt, prove that the goods attached were not the property of the debtor. Fisher v. Bartlett, 8 Greenl. 122; or that another officer who had previously attached the goods, and to whom the receipter had delivered them, had a better title than the plaintiff. Webster v. Harper, 7 N. H. R. 594. But he cannot be permitted to prove, that the goods were not actually attached by the plaintiff. Lowry v. Cady, 4 Vermont R. 504; Spencer v. Williams, 2 Vermont R. 209; Allen v Butler, 9 Vermont R. 122; Morrison Blodgett, 8 N. H. R. 255.