Morton J.
delivered the opinion of the Court. This is an indictment against the defendants for a conspiracy to defraud Relief Harris of a certain promissory note payable to Simeon Harris or order, and by him indorsed to Relief. The indictment contains a distinct averment not only that the note was in the possession, but that it was the property of Relief.
This is a material averment and one which must be proved as laid. Even in indictments for larceny it is necessary to describe the articles supposed to be stolen, as the property of *179 the trae owner if he can be ascertained, and if not, as the property of some person unknown. See Commonwealth v. Morse, 14 Mass. R. 217, and cases there cited.
The confederacy to defraud Relief Harris of her property is the gist of the indictment. If she had no. interest in the note she could not be defrauded of it. An indictment for a conspiracy to defraud her of a note the property cujusdem ignoti, without alleging any right in it or responsibility for it, in her, would not be good.
The consideration of the note was a part of the distributive share of Relief Harris in her father’s estate. In the settlement of the estate, her mother was to have the use of this part during her life, and a note was given for it, payable at the death of her mother. This note was made payable to Simeon Harris or his order, and by him was indorsed to Relief. This arrangement was made without the consent of the husband of Relief, and for the purpose of preventing him from obtaining possession of it, and of preserving it for the separate use of his wife.
Does the distributive share of a feme covert in her father’s estate, vest in the husband or in the xvife ?
The most common elementary treatises on this subject, show that all the property of the wife passes to the husband by the marriage; if in possession, absolutely, if in action, conditionally. Co. Lit. 351; 2 Bl. Com. 433; Bingh. on Inf. & Cov. 208. In Legg v. Legg, 8 Mass. R. 99, the Court say, “ By our own law, marriage is an absolute gift to the husband of all the wife’s personal chattels in possession; and so it is also of choses in action if he reduces them into possession by receiving or recovering them at law.” Thus all personal property of the wife which comes into the possession of the husband during coverture, becomes absolutely his, may be disposed of by him, is liable for his debts, and goes to his executor or administrator.
So even the earnings of the wife so entirely belong to the husband, that he only can give a discharge for them, ind must sue for them in his own name, without joining his wife. Bingh. on Inf. & Cov. 219; Buckley v. Collier, Salk. 114; S. C. 4 Mod. 156.
*180 The same principle applies to all property which accrues to a feme covert during her coverture. A legacy given to a wife vests absolutely in the husband, and he may release it either before or after it becomes payable. Com. Dig. Bar. and Feme, E. 3; Lamphir v. Creed, 8 Ves. 599; Palmer v. Trevor, 1 Vern. 261. So the wife’s distributive share in an intestate estate vests in the husband. Robinson v. Taylor, 2 Bro. C. C. 589 ; Sawer v. Shute, 1 Anstr. 63. In Baron and Feme, 89, is the following : — “ One dies intestate leaving a daughter, the wife of J. S., and the daughter dies before distribution made, and the husband dies intestate, the share of the daughter shall go to the administrator of, the husband, and not to her administrator.” The author cites Cary v. Taylor, 2 Vern. 302.
If the consideration of the note was the property of the husband, of course the note itself must be his ; for he could not be divested of his property or his rights, by any acts of his wife or others without his authority or consent. The moment the note was indorsed to the wife, it became the property of the husband, and he alone could collect, discharge or transfer it. See Keith v. Woombell, 8 Pick. 211, and Russell v. Brooks, 7 Pick. 65, and the cases there cited.
But even if the wife’s distributive share was to be treated like a chose in action, yet when a note was given for it, this would be equivalent to a reduction of it to possession, and the note, as soon as delivered to the wife, would become the property of the husband. There are several cases, American and English, decisive of this point.
In Barlow v. Bishop, 1 East, 432, a note was given to a feme covert who carried on trade on her own account, to enable her to pay a debt by her contracted in her separate business ; she indorsed it to her creditor, who commenced a suit upon it. But it was decided that the action would not lie,, because the note when delivered to the wife became the property of the husband,-so that he only could indorse it.
. In Shuttlesworth v. Noyes and Trustee, 8 Mass. R. 229 the trustee having given a note, in part for a debt due the wife before marriage and in part for her distributive share of her father’s estate, was charged for the whole amount of the note. *181 Sedgwick J., in giving the judgment of the Court, said “ that ,t was very clear that a note payable to a feme covert is legally payable to the husband, and the property vests absolutely in him. He alone, during his life, has power to enforce payment or discharge the demand ; and after his death, it would go to his executor or administrator, and not to the wife.”
We think it very apparent from the authorities cited, that the property of the note was in the husband, and that if a fraud was practised or attempted on any one, it was on him. If he assented to the acts of the defendants or approves of them, no one else has a legal right to complain.
The wife having no general or special property or interest in the note, which will support the allegation that the property was in her, or that she was defrauded of it, and this being of the essence of the charge against the defendants, the indictment is not supported and the verdict must be set aside.[1]

New trial granted.

 See Holbrook v Waters, 19 Pick. 354; Lawrence v. Wright, 23 Pick. 128 Strong v. Smith, 1 Metc. 476; Hapgood v. Houghton, 22 Pick. 480; Hayward v. Hayward, 20 Pick. 517; Goddard v. Johnson, 14 Pick. 352; Wheeler v. Bowen, 20 Pick. 563; Short v. Moore, 10 Vermont R. 446; Parsons v. Parsons, 9 N. Hamp. R. 309; Savage v. King, 5 Shepl. 302; Griswold v. Penniman, 2 Connect. R. 564, Wintercast v. Smith, 4 Rawle, 177.