Walworth, Chancellor.
The plaintiff in error had been convicted for a petit larceny in stealing ice from the ice-house of J. Fay; which ice appeared by the conviction to have been the property of Fay, and of the value of one dollar. He was afterwards indicted for a second offence of petit larceny in stealing a quantity of butter, stated in the indictment to have been the property of J. Flagg. Upon the trial of the indictment, Ward, the plaintiff in error, objected that ice was not a subject of larceny, and that the record produced did not therefore show a legal conviction of the former offence of petit larceny; which objection was overruled by the court. Flagg testified that he was the owner of the butter which was stolen from his possession, and that he bought it of the master of a canal boat. Ward thereupon proposed to ask the witness whether he did not steal the butter on board the boat, or whether he and the master of the boat did not steal it together; which question was objected to by the public prosecutor and overruled by, the court. He thereupon gave evidence tending to prove that he did not himself steal the butter from Flagg, but sent another person to steal it; and that they afterwards divided the butter between them. And he requested the court to charge the jury that, if the butter was thus stolen, he was merely an accessory, and could not be convicted as a principal for the petit larceny. This the court refused ; but charged the jury that, if the other person stole the butter, in Ward’s absence, by his advice and procurement, he might be convicted as a principal, as there were no accessories in petit larceny. Exceptions were taken to these several decisions of the court, and upon argument of the exceptions before the supreme court, they were disallowed; and Ward was sentenced to imprisonment in the state prison.
*146 It is not necessary to examine the question whether the court before whom the indictment for the second offence was tried, had a right to decide in this collateral way whether the first conviction was not erroneous. For there can be no doubt that ice, when collected and preserved for use in an ice-'house, becomes individual property, so as to make it the subject of larceny; although it was not so when it constituted a part of the river or pond from whence it was originally taken. (See Barb. Mag. Crim. Law, 160.)
The public prosecutor could not object to the question put to Flagg upon the ground that if answered in a particular way it would subject him to a criminal prosecution. That is an objection that the witness alone is authorized to make.(a) But the objection was properly sustained upon the ground that the answer to the question was not relevant to the matter of the issue ; as it was not material to know whether Flagg became possessed of the butter wrongfully or otherwise. (Id. 162; 2 Muss, on Crimes, 156, Am. ed. of 1836; 1 Leach’s C. C. 522.)
The court was also right in charging the jury that if Arnold stole the butter in the absence of Ward, but by his advice and procurement, the latter was a principal in the larceny. Lord Coke says that in the highest offence and lowest injury, there are no accessories, but all are principals; as in treason, petit larceny, and trespass. (2 Inst. 183.) And the law has been settled for nearly two hundred -years that in petit larceny there can be no accessory, on account of the smallness of the felony. Those who procure, aid or advise in the commission of the of-fence, are principals. And those who merely assisted the escape of the perpetrator of the offence, were not, at common law, regarded as criminal. (12 Coke’s Rep. 81; 1 Hale’s P. C. 530, 616; Barb. Mag. Crim. Law, 177; Foster’s C. L. 73; 2 East’s C. L. 743; Cro. Eliz. 750; 2 Hawk. P. C. 440.)
The plaintiff in error was therefore rightfully convicted of this second offence of petit larceny; and the judgment of the court below should be affirmed.
*147 Foster, Senator,
said, among other things, that the supreme court erred, in overruling the question put to Flagg. Conceding that the witness might have refused to answer, because of the danger of exposing himself to criminal punishment, was this a ground upon which either the court who tried the cause or the public prosecutor could interfere ? No. The privilege was that of the witness, and he alone had the right to avail himself of it. Nor was the question irrelevant. It called for an answer which might have gone far towards discrediting Flagg with the jury. Besides, it was relevant by way of disproving a material allegation in the indictment, viz. that the article stolen was the property of Flagg. If he had nothing but a possession acquired by theft, the property was not in him, but remained where it was before the theft was committed. (Commonwealth v. Morse, 14 Mass. Rep. 217.) An act of this kind, so far from divesting the property of the owner, does not even change the possession, in contemplation of law. (Per Gould, J. in The King v. Wilkins, 1 Leach’s Cr. Law, 520, 522.) It is true, the proposition is laid down by East and some other elementary writers of high repute, that “ if A. steal goods of B., and after, C. steal the same goods from A., C. is a felon both as to A. and B.; and he may be indicted of stealing the goods of B.” (2 East’s Cr. Law, 654, ch. 16, § 90.) East cites Hale, who states the proposition thus: “ If A. steals the horse of B., and after, C. steals the same horse from A., in this case C. is a felon both as to A. and as to B., for by the theft by A., B. lost not the property, nor, in law, the possession of the horse or other goods; and therefore in that case C. may be appealed of felony by B. or indicted of felony, quod cepit et asportavit the horse of B.” (1 Hale’s P. C. 507.) The single expression made use of by these authors that “ C. is a felon both as to A. and B.,” may indeed furnish an inference favorable to the doctrine maintained by the court below; but if we take the whole passage together, especially as quoted from Hale, and construe it in reference to the leading idea which the writer intended to illustrate, it furnishes no sufficient warrant for saying that, hi the instance put, C. might be indicted and *148 convicted as for stealing the property of A. On the contrary, Hale expressly affirms that B. “ lost not the property, nor, in law, the possessionand this accords with all just views of the nature of property and the mode of its acquisition. I have been unable to find any adjudged case where an indictment for larcény has been sustained which alleged the property to be in one who had himself stolen it, and who had no other pretence of right to the possession. Nor do I believe that such a doctrine can he established without interfering with some of the most familiar principles "of the common law.
I think the judgment of the court below should be reversed..
On the question being put, “ Shall this judgment be reversed?” the members of the court voted as follows:
For reversal: Senators Bartlit,Dixon, Foster, Strong and Wright—5.
For affirmance: The Chancellor, and Senators Bockee. Denniston, Franklin, Hard, Lawrence, Lott, Mitchell, Platt, Porter, Putnam, Rhoades, Scott and ScoVIL-14.

 See Cloyes v. Thayer, (3 Hill, 564, 566.)