J. C. BURD v. THE STATE.

1. An indictment for swindling is bad unless it distinctly name the party injured or sought to be injured.
2. In an indictment for swindling, *held*, too vague and uncertain.

APPEAL from Grimes.    Tried below before the Hon. J. R. Burnett.

Burd was indicted for swindling, the indictment charging, "That J. C. Burd, in the county aforesaid, on the sixteenth day of September, 1872, being then and there in the employ of the Houston and Texas Central Railway Company, a body corporate by the laws of said State, as assistant road master of said company, and it being then and there the duty of the said Burd, by virtue of his office and employment aforesaid, to issue checks or certificates on said company in payment for services of persons employed in the work of said company that were then and there under the charge of the said Burd as assistant road master as aforesaid, then and there fraudulently, feloniously and with intent to defraud said company and other persons, did make and sign two checks or certificates in writing and printing, on said company, purporting to be in payment for services rendered by John Grogan and Edward Murray to said company,

which said checks or certificates are in words and figures thus:

"'This ticket is not transferable, and will not be paid except to the person named herein.

"'No. 4680.     TRUCK DEPARTMENT, Sept. 14, 1872.

"'I certify that John Grogan has worked for the Houston and Texas Central Railway Company, on section No. —, ditching train, twelve (12) days in the month of September, at $2 per day.

"'To be certified by the hand of each department before payment.

"'Amount ................................$24 00
"'Less board, etc. .........................  7 50

"'Balance due .........................$16 50 .
"'Correct:          J. C. BURD, Assistant R. M.'

"'This ticket is not transferable, and will not be paid except to the person named herein.

"'No. 4681.     TRUCK DEPARTMENT, Sept. 13, 1872.

"'I certify that Edward Murray has worked for the Houston and Texas Central Railway Company, on section No. —, ditching train, eleven (11) days in the month of September, at $2 per day.

"'To be certified by the hand of each department before payment.

"'Amount ................................$22 00
"'Less board, etc..........................  7 00

"'Balance due ..........................$15 00
"'Correct:          J. C. BURD, Assistant R. M.'

"And that the said J. C. Burd, in the county aforesaid, on the sixteenth day of September, 1872, by the first of the above described checks or certificates, did falsely and

feloniously pretend and certify that one John Grogan had worked for said company twelve days in the month of September, 1872, and that there was then and there due and owing to the said John Grogan by the said company the sum of sixteen dollars and fifty cents ; that the said J. C. Burd then and there, by the last mentioned of said false and fraudulent checks or certificates, falsely, fraudulently and feloniously pretended and certified that one Edward Murray had worked for the Houston and Texas Central Railway Co. eleven days in September in said year, and that said company was then and there indebted to the said Edward Murray in the sum of fifteen dollars for such labor ; whereas, in truth and in fact, neither the said John Grogan nor said Edward Murray had ever worked for said company; and whereas, in truth and in fact, the said company was not then and there, in any manner, indebted to either the said John Grogan or the said Edward Murray ; and the said J. C. Burd then and there well knew that neither the said John Grogan nor the said Edward Murray had ever worked for said company, and that the said company was not then and there indebted to either the said John Grogan or the said Edward Murray, and that the pretense aforesaid was then and there wholly false and fraudulent.    And the jurors aforesaid, on their oath aforesaid, do further present and charge, that the said J. C. Burd, having made and signed the false and fraudulent checks or certificates aforesaid, in the county aforesaid, on the sixteenth of September, 1872, fraudulently, feloniously, and knowingly did pass as true the said checks or certificates, so fraudulently made as aforesaid, to one Robert Smith, with intent to defraud said company and said Robert Smith, and did then and there falsely, fraudulently and feloniously pretend to the said Robert Smith that said false and fraudulent checks or certificates were then and

there valid checks, and legal and just claims against said company for the amounts in the said certificates respectively specified, and that the said checks or certificates were then and there worth the sum of money in each specified respectively, as the balance due the said John Grogan and the said Edward Murray; whereas, in truth and in fact, the said false checks and certificates so made as aforesaid were not then and there valid checks, or legal or just claims against said company for any amount whatever; and, whereas, said checks or certificates were wholly without value, and the said J. C. Burd then and there well knew that the said false checks or certificates were not then and there valid checks, or legal or just claims against said company for any amount whatever, and that the said checks or certificates were wholly without value, by color of which false, fraudulent, deceitful device and pretenses the said J. C. Burd did then and there unlawfully, fraudulently, feloniously and knowingly obtain of the said Robert Smith sixty silver coins of the United States, of the value and denomination of fifty cents each, and six gold coins of the United States of the value and denomination of five dollars each, then and there the property of the said Robert Smith, with the intent to appropriate the said coins to the use and benefit of the said J. C. Burd, with intent to defraud the said Robert Smith and the said company."

The defendant filed exceptions to the indictment, which were overruled. The defendant was found guilty and his punishment fixed at two years imprisonment in the penitentiary.

The appeal presents the sufficiency of the indictment.

*Boone & Goodrich*, for appellant, cited 21 Texas, 768, The State v. Baggerly; 33 Texas, 752, Fisher v. The State; Ros. Crim. Ev., 231; Wharton's Am. Cr. L., 192, 204; 33 Texas, 102, Mathews v. The State.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, P. J.—The appellant in this case was indicted for swindling the Houston & T. C. R. R. Co., and others, and one Robert Smith. Exceptions were filed to the indictment, but were overruled by the court. We think this was error. The indictment is prolix, vague and uncertain, and wholly insufficient to sustain any judgment. The verdict of the jury is simply guilty, but of what it does not inform us. If swindling, then who was swindled—the railroad company, Robert Smith, or the other persons referred to in the indictment? The court charged the jury that the defendant was indicted for swindling the railroad company, while the Attorney-General contends that he was indicted for swindling Robert Smith. But we are clearly of the opinion that he was not legally indicted for swindling any one, and that the court erred in not sustaining the exceptions to the indictment. The judgment is therefore reversed and the case dismissed.

REVERSED AND DISMISSED.