### S. CALLOWAY *v.* THE STATE.

1. EX POST FACTO LAW. — It is well settled that a law is *ex post facto* which so alters the rules of evidence in criminal cases as to allow a conviction on less or different evidence than was requisite when the offence was committed.

2. SAME. — Art. 426 of the Revised Code of Criminal Procedure provides that "where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in either or all of them." This is a new provision, and warrants a conviction on different evidence than the preëxisting law, and therefore, with reference to offences committed before the Code took effect, is *ex post facto* and inoperative.

3. DEFACING CATTLE-BRAND — VARIANCE. — Since the Revised Codes took effect, the appellant was tried on an indictment which charged that he, in 1876, defaced the brand on a certain animal, with intent to defraud one G., alleged to be the owner. The proof showed that the animal, when the offence was committed, belonged jointly to said G. and one W., and was not under the exclusive control of either of them; and the defence moved to exclude this proof, because of variance between it and the allegation of ownership. *Held,* that the motion to exclude should have been sustained, inasmuch as the variance was fatal prior to the said new provision of the Revised Code of Criminal Procedure, which, with reference to the offence on trial, is *ex post facto* and inapplicable.

APPEAL from the District Court of De Witt. Tried below before the Hon. H. C. PLEASANTS.

The offence charged was the defacing the brand upon a certain steer yearling, the property of Free Green, without his consent and with intent to defraud him, etc. The verdict and judgment consigned the defendant to the penitentiary for two years. The evidence involved in the rulings is stated in the opinion.

*W. R. Friend,* for the appellant, filed a very able brief and argument.

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, P. J. It is well established that a law which alters the legal rules of evidence, and receives less or differ-

ent testimony than the law required at the time of the commission of the offence in order to convict the offender, is *ex post facto*. *Holt* v. *The State*, 2 Texas, 363 ; *Murray* v. *The State*, 1 Texas Ct. App. 417.

Art. 426, which is a new provision in our Revised Code of Criminal Procedure, declaring that "where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in either or all of them," is an innovation upon the rules of practice and evidence as they existed before its adoption, and permits different testimony to sustain a conviction than would have been held sufficient for that purpose under preëxisting laws. Consequently it must be held inoperative as to offences committed before its adoption.

Such was the case now under consideration. The indictment alleged the offence to have been committed in September, 1876, and alleged the ownership to be in one Free Green. When Free Green was placed upon the stand to prove ownership and want of consent, he testified that the animal at the time the offence was committed belonged to himself and one T. J. Word jointly ; that it was running upon the range, and was not in the actual possession nor under the exclusive control of witness. Defendant's counsel asked the court to exclude this testimony, because there was a variance between the allegation of ownership in the indictment and that proven. This motion was overruled by the court because art. 426, Revised Code of Criminal Procedure, *supra*, which was in force at the time of the trial, met and obviated the objection.

It is not necessary that the ownership and possession should be in the same person ; but if the ownership is alleged, it must be proven as alleged. Possession other than constructive, in cases of theft and the like, is constituted by the exercise of actual control, care, and management of the property by the party whose possession has been violated. Pasc. Dig., arts. 2386, 2387 ; *Gaines* v.

*The State,* 4 Texas Ct. App. 330; *Crockett* v. *The State,* 5 Texas Ct. App. 526. And where one has a general and the other a special property in the thing stolen, the ownership may be alleged in either. *Gaines* v. *The State,* 4 Texas Ct. App. 330; *Fore* v. *The State,* 5 Texas Ct. App. 251; *Trafton* v. *The State,* 5 Texas Ct. App. 480; *West* v. *The State,* 6 Texas Ct. App. 485.

If the stolen property belonged to joint owners, but when stolen was in the exclusive possession and control of one of them, the indictment may allege the ownership to be in the latter alone. This was the rule laid down in *Samora* v. *The State,* 4 Texas Ct. App. 508. Its converse is also established by authority. In *Henry* v. *The State,* 45 Texas, 84, it is said: "If A. and B. be joint owners, and the property not in the possession and control of either, and the pleader should allege that A. was the owner, the variance would be fatal." This last authority is directly in point, and must be held conclusive against the ruling of the court in this case in refusing to exclude the evidence upon the ground of variance. See also *Mathews* v. *The State,* 33 Texas, 102; *Brown* v. *The State,* 35 Texas, 691.

Because there was a fatal variance between the allegation of ownership and the proof, and by reason of which the latter does not sustain the former, the judgment must be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*