## DAN PILGRIM V. THE STATE.

### No. 1898. Decided November 13, 1912.

**1.—Swindling—Ownership—Charge of Court—Variance.**

Where, upon trial of swindling, the indictment alleged that the certificate or life insurance policy was acquired from eight certain persons named and that the false representations were made to these eight persons, and that the right to issue said certificate or policy was in said eight persons, and the proof showed that said certificate or policy and the authority to issue same was in only one of said eight persons, the variance was fatal; the court requiring the jury in his charge to convict if they believed that the title and possession of said certificate or policy and the right and authority to issue same was in but one of said persons.

**2.—Same—Evidence—Bill of Exceptions.**

Where the testimony objected to was admissible, the bill of exceptions thereto did not present reversible error.

**3.—Same—Charge of Court—Practice on Appeal.**

Where the complaint to certain paragraphs of the court's charge were that they shifted the burden of proof, they need not be passed on, as the cause was remanded on other grounds.

Appeal from the District Court of Upshur. Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Rolston & Ward,* for appellant.—On the question of variance: Granthan v. State, 59 Texas Crim. Rep., 556; Curtis v. State, 31 id., 39; Childers v. State, 16 Texas Crim. App., 524; Mathews v. State, 33 Texas, 102; Washington v. State, 41 id., 583; Marwilsky v. State, 9 Texas Crim. App., 377.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Lieske v. State, 60 Texas Crim. Rep., 276.

PRENDERGAST, JUDGE.—The appellant was convicted of swindling. The indictment charges that a life insurance policy or certificate in the Upshur County Home Protection Company was acquired from eight certain persons named, and that the false representations to procure it were made to these eight persons and each and all relied upon and believed the representations. That said eight persons were the trustees and agents of said company and were authorized and empowered to issue said certificate of membership or policy; that the representations so made to said eight persons induced them and each of them to part with, and they did part with the title and possession of said instrument and did deliver the title and possession thereof to appellant, which they relied upon and which were false when so made and appellant knew it.

It will be thus seen that the authority to issue and the right and title to said certificate or policy was alleged to be in the said eight certain persons. It seems that the proof was that under the law and terms of this statute the title and possession of said certificate or policy and the authority to issue and deliver the same was in only one of said eight persons. The court, in submitting the question to the jury for a finding, required them to believe that the title and possession of said certificate or policy and the right and authority to issue and deliver it to appellant was in but one of said persons. The point is correctly saved and properly made by the appellant, claiming that the charge submitted a distinctly different state of facts to the jury from that alleged in the indictment.

In the offense of swindling, as in that of theft, the indictment must clearly and distinctly allege the ownership of the property fraudulently acquired by appellant and the person from whom the same was acquired by him. Burd v. State, 39 Texas, 509; Washington v. State, 41 Texas, 583; May v. State, 15 Texas Crim. App., 430; Mays v. State, 28 Texas Crim. App., 484; Mathews v. State, 33 Texas, 102. And an indictment for swindling may allege the ownership to be in one

who has charge, possession and control of the property, though he has in fact no title, or even beneficial interest in it. An employee having charge and control of his employer's money safe and funds therein, has such ownership. May v. State, supra.

It is also elementary in this State, and needs no citation to the cases to show, that where in theft or swindling title and possession of the property is alleged to be in certain persons, it is necessary to prove the allegations and, unless this is· done, there is a fatal variance between the allegations and proof. In our opinion the ·charge of the court in this case authorized a conviction of appellant upon false representations to only one of the eight persons, and when one only, instead of the eight, was the owner and had title and possession of the certificate or policy, which necessarily results in a reversal of the case. We take it that from the proof in this case the title and possession of the certificate or policy was in W. F. Shrum, instead of the eight persons named and that he alone had the right and authority to issue such certificate instead of all eight of said persons, and that the representations inducing the delivery to appellant of such certificate was made to him alone and not to the other persons.

In our opinion the bills of exception do not present reversible error but that even under this indictment, such proof as was made, shown to have been objected to, by said bills, was admissible.

There are some complaints to certain paragraphs of the charge of the court, claiming that they shifted the burden of proof from the State to appellant. It is unnecessary for us to pass upon any of these questions. On another trial the court can, by the charge, properly meet such questions if such charge is subject to such· objections. For the error above pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*