The State v. Calkins.

THE STATE v. CALKINS.

1. **Criminal Evidence:** FORGERY: HANDWRITING: DENIAL BY DEFENDANT. Where defendant knew, on his preliminary examination for forgery, that the state relied upon his signature in a hotel register at O., made at a certain date, to prove his guilt, and he denied that he was at O. at said date, *held* that it was proper, on the trial in the district court, to permit the state to prove not only that he was at O. at said date, and that he then wrote his name in the register, but also that he had, on his preliminary examination, denied being at O. on that date.

2. ———: TESTIMONY OF BONDSMAN: WEIGHT OF.  The fact that a witness for defendant on a criminal charge is defendant's bondsman, may be shown on cross-examination, as a fact which the jury may consider in weighing his testimony.

3. ———: FORGERY: REPRESENTATION AS TO GENUINENESS OF SIGNATURE. To constitute an uttering and publishing of a forged instrument, there must be a representation of its genuineness, but the act of the forger in offering it for sale, and selling it, is a sufficient representation.

4. **Instructions:** WHOLE CHARGE CONSIDERED.  An instruction which does not fully state the law upon the point under consideration is no ground for reversal, where the defect is so amended by other instructions that the jury could not be misled.

### Appeal from Sac District Court.

### Tuesday, October 25.

The defendant was convicted of the crime of uttering and publishing a false and forged instrument, and sentenced to a term of imprisonment in the penitentiary, and from that judgment he appeals.

*Charles Mackenzie*, for appellant.

*A. J. Baker*, *Attorney-general*, for the state.

Reed, J.— It was proven on the trial in the district court that defendant had in his possession two instruments in writing, which purported to be the promissory notes of one J. A. Lawrence, payable to defendant, and that he sold and delivered the same to W. W. Robinson.   And there was evidence which tended to prove that said instruments were false and forged; also that the body of the instruments and the signatures thereto were in defendant's handwriting.

. I. The sale of the instruments to Robinson was made at Odebolt, on the 12th of October, 1884.   The state was permitted, against defendant's objection, to introduce evidence which tended to prove that defendant was at Odebolt in September, 1883, and that he wrote his name upon the register of the hotel at which he stopped; also that at his preliminary examination, which occurred some time after the transaction with Robinson, he asserted, in the statement he made to the magistrate, that he had never been in Odebolt prior to the 12th of September, 1884.   The evidence with reference to defendant's presence there in 1883 was introduced for the purpose of identifying his handwriting.   The book in which it is alleged he wrote his name was introduced in evidence, and the signature was pointed out to the jury.   This was done that a comparison might be instituted between defendant's handwriting and the writing in the alleged forged instru-

*1. CRIMINAL EVIDENCE: forgery: handwriting: denial by defendant.*

ments. The evidence was competent for that purpose. (Code, § 3655.) When defendant denied that he had ever been in Odebolt before the time of the transaction with Robinson, he knew that it was claimed that he had forged the instruments. He knew also that one of the means by which the prosecution sought to establish the forgery was by a comparison between the handwriting of the instruments and his signature on the hotel register. His statement, then, was a denial of the existence of an alleged fact which, if proven, would be material and important in the cause. If the state was able to establish that the signature on the register was defendant's genuine signature, the fact that he denied it would be material; for, if he wrote that signature, he could have had no other motive in denying it, except to counteract its force and effect as evidence of his guilt. We think, therefore, that the evidence was properly admitted.

II. A witness introduced by the defendant testified that he saw Lawrence sign the instruments, and deliver them to

2. ——: testimony of bondsman: weight of.

defendant. But his testimony in that respect was contradicted by Lawrence. The district attorney was permitted, against defendant's objection, to show, on the cross-examination of the witness, that he was a bondsman for defendant in the case. The fact that the witness bore that relation to defendant, while it did not perhaps give him any pecuniary interest in the result of the trial, did tend to show that he felt a strong personal interest in defendant, and might properly be considered by the jury in determining what weight and credit ought to be given to his testimony.

III. Defendant did not, in the negotiation with Robinson, make any express representations as to the genuineness of

3. ——: forgery: representation as to genuineness of signature.

Lawrence's signature to the instruments. It was urged by counsel that the evidence of uttering and publishing the instruments was not sufficient to warrant a conviction. It is true that, to constitute an uttering and publishing, there must be a repre

The State v. Calkins.

sentation of the genuineness of the instrument; but such representation need not be made by express words. It may be indirectly made, and may be evinced by the action and conduct of the party.    (3 Greenl. Ev., § 110; *Com. v. Searle*, 2 Bin., 339.)    Defendant, while he did not expressly state that Lawrence had signed the instruments, offered to sell them to Robinson for value, and actually effected a sale of them to him.    Robinson supposed when he made the purchase that they were genuine, and defendant knew that he was making the purchase in that belief.    By his conduct he induced that belief, and intended to induce it.    The instruments purported to be the obligations of Lawrence, and by the act of offering them for sale, and selling them, defendant represented them to be genuine.

IV. Exception was taken to an instruction given by the district court to the jury, in which the court stated the facts which the state was required to prove under the issue.    It is not expressly stated in the instruction in question that a knowledge by defendant that the instruments were forged was an element of the crime charged.    But it is stated that it must be proven that he did the act with intent to defraud.    And in another instruction the jury were told that, unless it was proven that he knew when he passed the instruments that they were forged, they could not convict him.    The charge, considered as a whole, correctly states the law; and if it should be conceded that the particular instruction complained of is not as full as it should have been, no prejudice could have resulted to defendant.

4. INSTRUC-
TIONS: whole
charge con-
sidered.

We find no error in the record, and the judgment will be

AFFIRMED.