STATE OF IOWA v. JOHN H. SHERWOOD, Appellant.

**Uttering Forgery.** Where one represents the forged instrument to be genuine, and the consummation of his trading it off is prevented by the discovery of the forgery, the offense of uttering is complete. (1)

**Note Dated on Sunday.** Under Code, 3917, declaring it forgery to falsely make an instrument which creates or, "purports to create," an obligation, a note dated on Sunday may be a forgery where it is charged and proven that it was, in fact, made on a week day. (2)

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, MAY 11, 1894.

DEFENDANT was tried and convicted of the crime of uttering a forged instrument, and appeals.—*Affirmed.*

*H. J. Chambers* for appellant.

*John Y. Stone*, Attorney General, and *Thomas A. Cheshire* for the state.

KINNE, J.—I. This case is submitted on a transcript of the record which embraces copies of the indictment, record entries, motion of defendant for instructions, instructions, motion in arrest of judgment and for a new trial, notice of appeal, and the evidence. The indictment charged the defendant with uttering and passing as true a forged instrument. It also contains this averment: "The said above-described note, although bearing date of Sunday, December 18, 1892, was made and executed on what is commonly a week day, all of which was well known to the said John H. Sherwood at and before the time of the making and execution of the same." It is first contended

that there is no evidence showing an uttering of the note. The evidence touching this matter in brief is that defendant, in writing, offered to sell the forged note, and represented that it was given to him and signed by John Van Kirk, whose name appeared thereto as a maker; that afterward, and in furtherance of procuring a sale, defendant made an offer in person to the same party of the note at a certain discount, and passed the note to the person with whom he was negotiating. The sale was not consummated, because the expected purchaser discovered that the note was forged. We think the testimony clearly shows an offer and tender of the note for sale. Our statute provides: "If any person utter and publish as true (any promissory note) knowing the same to be false, altered, forged or counterfeited, with intent to defraud, he shall be punished," etc. Code, section 3918. While ordinarily the offense is completed by an actual sale and delivery of the paper, yet this is not always necessary to constitute the offense of uttering forged paper. *Mathews v. State*, 33 Tex. 102; *People v. Brigham*, 2 Mich. 550; *People v. Caton*, 25 Mich. 388; *State v. Horner*, 48 Mo. 520. The offense of uttering and publishing is proved by evidence of offering to pass the instrument to another person, declaring or asserting, directly or indirectly, by words or actions, that it is good. 3 Greenl. Evidence, section 110. The evidence warranted the jury in finding that the defendant uttered and published the instrument as true, knowing that it was in fact false.

II.    This note on its face, purported to have been executed on Sunday, and hence it is said it was void, so that, even if the signature had been genuine, it could not have been of legal efficacy, or the foundation of a legal liability. The statute defining forgery provides: "If any person, with intent to defraud, falsely make, alter, forge or counterfeit  *  *  *  any prom-

issory note, * * * being or purporting to be the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property, whatever, is or purports to be created," etc. Code, section 3917. This court has defined forgery to be the false making or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability. *State v. Pierce*, 8 Iowa, 231; *State v. Thompson*, 19 Iowa, 299; *State v. Johnson*, 26 Iowa, 413. True, it has been broadly stated that there can be no forgery if the paper is invalid on its face, for it then can have no legal tendency to effect a fraud. *State v. Johnson*, 26 Iowa, 418. It is shown without conflict that the purported maker of this note was not an observer of the seventh day of the week as the Sabbath. We have, then, the question as to whether a note purporting to be dated on Sunday purports to create a liability in such a sense as that the false making or signing of the same may be a forgery. A note made on Sunday, but in fact delivered on a week day is not void. *Bell v. Mahin*, 69 Iowa, 408, 29 N. W. Rep. 331. There is nothing in the note itself, aside from its date, which tends to show when it was delivered. We are cited to no case, nor have we been able to find one, where the facts were the same as in the case at bar. In this case it appears from the uncontradicted testimony that the entire note and signature must have been written on a week day; that the note was dated on Sunday by mistake of the party who drew the body of it for defendant. Now, while it is true that a note in fact made and delivered on Sunday is void, and could not be used in evidence, still, in a civil action, by making proper averments touching a mistake in the date, or that it was, in fact, delivered on a week day, such note would be admissible in evidence, and on proof that it was made or delivered on a week day, it

would be the basis of a legal liability against a genuine maker. The intent to defraud is the gist of the offense of forgery. The fact that the false instrument is such that it is calculated to deceive is a material question on an indictment for forgery. It can not be doubted that a note like that at bar, while apparently void on its face, might, as a matter of fact, be a valid and binding obligation, if genuine, if it appeared that in fact it was made and delivered on a week day. Suppose this was a genuine instrument, and the maker was sued thereon, and the petition, by proper averments, showed that the note was made on a week day, and prayed for proper relief, there could be no doubt, if such allegation was sustained by proper proof, that the validity of the instrument would be established, and a recovery had thereon. It is not, then, necessarily an instrument which is void. That fact may depend upon averments and proof. That it is an instrument, even though bearing date on Sunday, and that it is calculated to deceive, is apparent. Does it "purport," within the meaning of the statute, to create a liability? It will be observed that, under the wording of our statute, the instrument need not in fact create any liability. The language used is: "By which any pecuniary demand or obligation or any right or interest in or to any property whatever, *is or purports to be created.*" Now "purport" means the design or tendency, meaning, import. Clearly the design of this instrument on part of the defendant was to create a legal liability against the one whose name be falsely signed to it. To be within the literal reading of the statute the false instrument may not in fact be such that, if true, it would have created any liability whatever; it is sufficient if it be such an instrument the design or meaning of which is to create such a liability, though in fact it may not do so. We think that the false making of an instrument of this character, even though it bear date of

Sunday, may be a forgery under our statute, when, as in this case, it is made to appear in the indictment and from the evidence that it was in fact made on a week day, and when the testimony shows, as it does in this case, that it was meant and intended thereby to deceive and defraud. To hold otherwise would be not only in violation of the spirit and wording of the statute, but would render the business of the forger profitable and successful. All he would have to do to escape liability would be to date the instrument forged on Sunday. The judgment below is AFFIRMED.