STATE OF IOWA, Appellant, v. W. H. BURLING.

102    681
113    705

**Forgery.** An instrument reading, "12 hogs 2730. H. Barnes," does not on its face create, or purport to create, any pecuniary demand or obligation nor any right or interest in or to any property whatever, within Code, 1873, section 3917, defining forgery as falsely making, with intent to defraud, any instrument in writing, being or purporting to be an act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever, is or purports to be created.

**Indictment: UTTERING.** An averment in an indictment for uttering a forged instrument which is not on its face the subject of forgery, that the instrument was designed, meant, and intended to create a legal liability against certain persons, brings the instrument within Code, 1873, section 3917, defining forgery as the falsely making, altering, forging or counterfeiting, with intent to defraud, any instrument in writing being or purporting to be the act of another, by which any pecuniary demand or obligation, or any

right or interest in or to any property whatever, is or purports to be created, as it does not matter whether the instrument if true would have created a legal liability or not.

*Appeal from Fayette District Court.*—HON. L. E. FEL-LOWS, Judge.

WEDNESDAY, OCTOBER 6, 1897.

THE defendant was indicted for the crime of uttering and publishing as true a false and forged instrument. The court directed the jury to find a verdict of not guilty, which was done, and the defendant was discharged. The state appeals.—*Reversed.*

*Milton Remley,* attorney general, *Ainsworth & Ainsworth,* and *H. P. Hancock,* county attorney, for the state.

*Clements & Clements* for appellee.

KINNE, C. J.—I. The material part of the indictment is as follows: "That W. H. Burling, at and within said county, on the third day of December, A. D., 1894, did unlawfully, feloniously, falsely, utter and publish, as true and genuine, a certain false, forged, and counterfeit instrument in writing, known as a 'weigh ticket,' as a true and genuine instrument of one H. Barnes, which false and forged instrument is in the words and figures following: '12 hogs 2730. H. Barnes;' said instrument purporting to be the number and weight of certain hogs weighed by said H. Barnes for the firm of Owens & Cook, as their agent, and delivered as such by said Barnes to said W. H. Burling, and same creating a pecuniary demand and obligation against said firm of Owens & Cook,— with intent then and there to do damage and to defraud said firm of Owens & Cook, he, the said W. H. Burling, at the time he so uttered and published said

instrument, well knowing the same to be false, forged, and counterfeit, contrary to the statute, etc. And so the grand jurors aforesaid accuse him, the said W. H. Burling, of the crime of uttering and publishing as true a false and forged instrument as aforesaid, committed at the time and place, and in the manner aforesaid." The defendant pleaded not guilty. On the trial, most of the evidence was ruled out, upon objections that it was irrelevant, and that there was no allegation in the indictment of the purchase of hogs by Barnes from the defendant; that the instrument was not sufficient in and of itself to be made the basis of the crime charged, and that no extrinsic facts were alleged in support of the instrument, so as to make it the basis of the crime charged; that the allegations of the indictment did not constitute a public offense; that the indictment alleged that the instrument, as it now is, was delivered to the defendant by H. Barnes, the agent for Owens & Cook.

II. The only question, then, presented for our consideration, is the sufficiency of the indictment. Our statute provides: "If any person utter and publish as true any record, * * * or any other instrument of writing mentioned in the preceding section, knowing the same to be false, altered, forged or counterfeited, with intent to defraud, he shall be punished. * * *" Code 1873, section 3918. The preceding section referred to is one defining forgery, and the material part thereof reads thus: "If any person with intent to defraud falsely make, alter, forge or counterfeit any public record, * * * or any instrument in writing being, or purporting to be, the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever, is or purports to be created, increased, transferred, conveyed, discharged or diminished, he shall be punished. * * *" Code 1873, section 3917. It is not seriously

claimed that the instrument set out in the indictment might not be the subject of forgery, and therefore of being uttered as a forged instrument, if such facts were stated in the indictment as showed it to be, or purport to be, the act of another, by which any pecuniary demand or obligation is or purports to be created. The claim on part of appellee is that on its face the instrument does not create any such demand or obligation, nor purport to do so, and therefore the indictment, to be good, must set forth such extrinsic facts as will show that it is an instrument of that character. We think it must be conceded that an instrument reading, "12 hogs 2730. H. Barnes," does not on its face create or purport to create any pecuniary demand or obligation, nor any right or interest in or to any property whatever. On its face it is not such an instrument as is the subject of forgery. That it may be shown by extrinsic allegations and evidence to be such an instrument as is embraced within the sections defining forgery and the uttering of forged papers there is no doubt. Are such facts sufficiently pleaded to bring the instrument within the sections referred to? We have said that "purport" means the design or tendency; meaning; import. *State v. Sherwood,* 90 Iowa, 553. The indictment, then, must be construed to charge that the instrument set out, in its altered condition, was designed, meant, and intended to create a legal liability against Owens & Cook. It does not matter whether in fact, if true, the instrument would have created a legal liability. The question is, did it purport so to do? Was it intended or designed to create such a liability? The charge in the indictment, in legal effect, is that it was so meant and designed, and that is sufficient. All that the statute requires is that the act charged as the offense be stated with such a degree of certainty, in ordinary and concise language,

and in such a manner, as to enable a person of common understanding to know what is intended, and the court to pronounce judgment upon a conviction, according to the law of the case. Code 1873, section 4305. The indictment fully complies with the above requirements.

III. From what appears in the record, it is evident that the trial court construed the indictment as charging that the instrument in question was delivered to the defendant in the condition that it appears in the indictment. The court appears to have misapprehended the force and effect of the language used. The charge is plainly made that the instrument as set out was a false and forged instrument, and that was the instrument which defendant is charged with uttering. The court therefore erred in its rulings in rejecting the testimony offered by the state.—REVERSED.