J. J. MOSNAT, Administrator, v. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Appellant.

**Evidence:** LUMP OFFER OF BOOK OF RAILROAD RULES.  Plaintiff in an action against a railroad company for negligence, causing the death of an engineer in its employ, should not be allowed to to introduce as a whole a book of rules issued by defendant for the government of its employes generally, containing 124 pages and 368 rules, but any of them that are competent should be designated and offered separately.

OF NEGLIGENCE:  *Conclusions.*  Negligence being at issue, testimony that he was "a careful, prudent, and cautious engineer," invades the province of the jury.

*Appeal from Tama District Court.*—HON. O. CASWELL, Judge.

TUESDAY, MAY 21, 1901.

'ACTION to recover damages for an injury resulting in the death of Charles A. Schaefer.  Trial to a jury, and verdict and judgment for the plaintiff.  The defendant appeals. —*Reversed.*

*Hubbard, Dawley & Wheeler* for appellant.

*J. J. Mosnat* for appellee.

SHERWIN, J.—The plaintiff's intestate was an engineer employed by the defendant.  On the twenty-sixth day of

July, 1898, while pulling a passenger train from Hawarden
to Eagle Grove, he ran into freight and coal cars which had
in some way got partially onto the main track at a switch
about a mile and a half west of the station at Eagle Grove.
In this collision he received injuries causing his death soon
after.    The defendant is charged with negligence in per-
mitting said cars to be on the main line of its road at the
time in question, and with negligence in displaying a signal
indicating a clear track at that point, and with negligence
in constructing and in permitting its automatic split switch
at said point to become out of repair, so that it would not
turn the standard properly and display the correct signal to
an approaching train.

The plaintiff put in evidence, over defendant's objec-
tion, a book of rules issued by the defendant for the govern-
ment of its employes generally, containing 124 pages, and
at least 368 rules.    Upon what theory they were
offered or admitted is not indicated to us, further
than that they were rules of the company, and there-
fore admissible.   In the first place, if the book contained any
rules which were competent evidence in the case, they should
have been designated and offered separately, instead of being
thrown in en masse for the jury to look over, and determine
which rules might or might not have a bearing upon the is-
sues before it.   Many of these rules are given in an amended
abstract filed by the plaintiff, evidently with the thought
that they are competent evidence.   But, in our judgment, but
few if any of them can be held admissible.   The liability of
the defendant in cases of this kind cannot, as a general rule,
be fixed or changed by its rules governing its employes in
the operation of its trains, except possibly as such rules may
seek to control or direct the conduct of the injured person;
for it is manifest that the rules may not fix a legal standard
of care.   They may require a higher standard than the law
does, or they may not reach the height required, in either

of which cases they might be incompetent on the question of the defendant's negligence. There was prejudicial error in the admission of these rules, and also in not giving the instruction asked by the defendant as to No. 115, as there was no issue upon which it was material.

The plaintiff was allowed to prove that the deceased was "a careful, prudent, and cautious engineer." This was error. The question of want of negligence of the deceased was an issue in the case, and this testimony clearly invaded the province of the jury on that question. It was undoubtedly proper to show that the deceased was a competent engineer, for the purpose of showing his earning capacity, but that did not authorize questions of the character under consideration. *Spaulding v. Railway Co.*, 98 Iowa, 205, and *Wheelan v. Railway Co.*, 85 Iowa, 167, cited by appellee, are not authority for his contention.

We discover no prejudicial error in the instructions given by the court, and no other error in refusing those asked by the defendant. We have given the evidence in this case close attention, and are not prepared to hold that it is insufficient to support a verdict. In view of a retrial of the case, we will not discuss it. For the errors pointed out, the case is REVERSED.