JOSEPH M. CHRISTY, AND E. M. STEDMAN, Appellants, v. DES MOINES CITY RAILWAY CO.

**Street railways:** NEGLIGENCE: INSTRUCTIONS. In an action for injuries resulting from collision with a street car, instructions directing a verdict for defendant if plaintiff failed to show freedom from contributory negligence, and enumerating the acts of negligence relied upon, except failure of the motorman to stop the car after he saw plaintiff's peril, and further charging that if the jury failed to find any of the acts of negligence, their verdict should be for defendant, were inconsistent with another charge that, though plaintiff was negligent yet defendant would be liable if its employés saw plaintiff and knew of his peril and failed to use ordinary care to prevent the injury.

Instructions. In a personal injury action, it is proper to submit defendant's theory of the case, though supported by the testimony of but one witness.

Negligence: INSTRUCTIONS. In submitting defendant's case as disclosed by his evidence, the court should also state the situation in the same way so far as favorable to the plaintiff and arising out of the same evidence.

Negligence: EVIDENCE. In an action for injuries sustained by the alleged negligent operation of a street car, the offer of city ordinances regulating its operation, which are simply an affirmation of the rules of law, should be rejected.

Suit by bankrupt: PARTIES. A defendant cannot complain that the plaintiff, having been adjudged a bankrupt after the trial, prosecutes the appeal in his own name, the trustee in bankruptcy having filed his written consent thereto.

*Appeal from Polk District Court.*— HON. WM. H. MC-HENRY, Judge.

WEDNESDAY, JANUARY 18, 1905.

ACTION for damages resulting in a verdict and judgment for defendant. The plaintiffs appeal.— *Reversed.*

*Carr, Hewitt, Parker & Wright* and *C. C. & C. L. Nourse,* for appellants.

*N. T. Guernsey,* for appellee.

LADD, J.— The defendant operates a street railway on Ninth street in Des Moines. The plaintiff, accompanied by a niece, and driving a span of three year old colts hitched to a cutter, was approaching the track from the east on State street. In crossing the cutter was struck by one of defendant's cars coming from the south, and demolished. The plaintiff was permanently injured, and one of the horses so disabled that it was subsequently shot. The city ordinances prohibited the defendant from moving its cars at a higher speed in the residence portion of the city than twelve

miles per hour. Considerable evidence tended to show that
this one was moving at the rate of fifteen to twenty miles
per hour, and if so, the circumstances were such that it
might have been found that, had the speed not exceeded that
allowed by ordinance, the collision would not have occurred.
The jury specially found that, as the car approached the
street intersection, its speed did not exceed eight miles per
hour. The motorman, corroborated somewhat by the con-
ductor, testified that he slowed the car down to about four
miles per hour, that Christy stopped his team, and, as he
turned their heads, as if to drive to the south around the
car, it started again, when the team became frightened, and
lunged in a northwesterly direction in front of the car. A
more particular statement is not essential to an understand-
ing of the questions raised.

I. Appellant contends that the first, fourth, and eighth
paragraphs of the court's charge are inconsistent, and because
thereof tended to mislead and confuse the jury. In the first
it is said that the burden of proof is on plain-
1. NEGLIGENCE: tiff to establish three things: "(1) That he
   instructions.
was injured and his property destroyed by the
car of the defendant at the time and place mentioned in the
evidence, substantially as alleged in his petition. (2) That
said injury was the natural and proximate result of negli-
gence on the part of the defendant. (3) That the plaintiff
was free from any negligence which contributed to his injury
or the destruction of his property. And if the plaintiff
has proven each and every of the said propositions by a pre-
ponderance of the evidence, you will find for the plaintiff;
but if he has failed to establish any one of said propositions
by a preponderance of the evidence, your verdict will be for
the defendant." It will be observed that upon the failure
to find that plaintiff was free from any negligence a verdict
for defendant is directed. The fourth instruction enumer-
ated the grounds of negligence alleged in the petition.

In approaching the crossing of State street and Ninth street without ringing the bell or gong, or making any other signal; by running over said crossing at the time at a great, dangerous, and unlawful rate of speed, and at a rate of speed greater than twelve miles per hour; in failing to keep a lookout for persons passing and repassing upon the said streets; in failing to stop the said car after the defendant's motorman saw the plaintiff approaching the said crossing, and in not having stopped the car after the said motorman saw the danger and peril of the plaintiff.

The undisputed facts are then recited, and the court proceeds:

If, therefore, you find from the evidence that the defendant, by its employés in charge of said car, approached the said crossing without ringing a bell or gong or giving any other signal of its approach; that said car was at the time running over said crossing at such a rate of speed as to endanger the lives of persons traveling over the same, or at a rate of speed greater than twelve miles per hour; that its employés in charge of the car failed to slow up the said car before reaching the said crossing; and if you further find that the defendant's employés in charge of the said car in any or all of the said particulars, under all the circumstances surrounding them at the time, did not exercise reasonable and ordinary care in and about the management of the said car while approaching and passing over said crossing — then you will be warranted in finding that defendant was negligent; and if, by reason of such negligence, you further find that plaintiff sustained injury, without fault or negligence on his part, which directly contributed to said injury, then you will find for the plaintiff. But, if you fail to so find, then your verdict will be for defendant.

Thus, after repeating the four grounds of negligence, the last is entirely eliminated from the hypothetical statement of facts, and the jury instructed, upon failure to find any one of the other three, or freedom from negligence on the part of plaintiff, "your verdict will be for the defendant."

It may be that the word "verdict" was intended in the sense of "finding," and what was meant was verdict for defendant as to the particulars previously mentioned. But it is not so limited, nor is this the necessary import of the language. In the twentieth instruction attention is directed to the forms of verdict attached, designated as verdicts, and in the instruction following the final conclusion is referred to as a verdict. The jury might have concluded that "verdict," as found in the above instructions, had reference to the determination of the case by them, and to be expressed in one of the forms accompanying the charge; and, if so, these paragraphs were inconsistent with the eighth instruction, in which the jury was advised that:

If, under all the evidence and the foregoing instructions, you find that the plaintiff was negligent, still the defendant cannot avoid liability, if you further find from the evidence that the plaintiff at the time in question was in a perilous position, and that the defendant's employés in charge of the said car saw the plaintiff, and knew that he was in such perilous position, or might have known he was in peril by the use of ordinary care after he saw him, and thereafter failed to use ordinary care to stop the car and prevent the injury of the plaintiff; and if you further find that by the use of ordinary care defendant's employé in charge of the said car, under such circumstances, could have avoided any injury which you find the plaintiff may have sustained, then the plaintiff will be entitled to recover, and you will find for the plaintiff; but, if you fail to so find upon this part of the case, you will find for the defendant.

True, the instructions are to be read together, as argued by appellee, but this does not wipe out the conflicting statements contained in those quoted. The case is readily distinguishable from McKern v. City of Albia, 69 Iowa, 447. There the jury was told, in substance, that, if the city was charged with notice of the defect in the walk, to find for plaintiff. Manifestly, this meant as to that particular matter, or in event the other issues submitted in the instructions

and declared essential to recovery were found for her. The instruction contained no direction as to what verdict to return. In *State v. Calkins,* 73 Iowa, 128, the defendant was accused of uttering a forged instrument, and in one instruction the element of knowledge was omitted. As it was to be, implied, however, and another instruction explicitly stated that it was essential to conviction, no prejudice could be said to have been suffered. In *Riegelman v. Todd,* 77 Iowa, 696, and also in *Perpetual B. & L. Ass'n v. U. S. Fidelity & Guaranty Co.,* 118 Iowa, 729, the general statement as to the burden of proof in the case required all the defenses to be established by a preponderance of the evidence, but as the, instructions following each defense were specifically submitted with direction that, if sustained, the verdict should be for defendant, it was thought that the jury must have understood the general statement to relate to the burden of proof merely, and could not have been misled into supposing " more was required than specifically stated as essential in considering the several defenses to justify a verdict." The instant case is ruled by *Quinn v. C., R. I. & P. R. Co.,* 107 Iowa, 710. There the deceased went between moving cars to uncouple them, when his foot was caught in a defective switch, and he was run over. The defendant `pleaded that the risk was assumed. In the fifth instruction the court told the jury that, if the injury was caused by defendant's negligence, without any fault on the part of deceased, the verdict should be for plaintiff; and, although instructed fully in another paragraph concerning his alleged assumption of risk, it was held that, " as the fifth paragraph instructed the jury in plain terms to return a verdict for the plaintiff if the statements set out were proven, it was to that extent in conflict with the other paragraph, and of a nature to confuse the jury." To the same effect, see *Meyer v. Boepple Button Co.,* 112 Iowa, 51.

These decisions are directly in point and, following them, paragraphs 1 and 4 of the charge must be declared erroneous

and prejudicial. Appellee suggests lack of prejudice, in that a verdict for plaintiff would have been without support in the evidence. Without reviewing the record, we are content to say that the evidence was sufficient to carry the case to the jury.

II. In the ninth instruction the theory of the defendant was submitted to the jury. That this was proper, even though supported by the testimony of but one witness, cannot well be questioned. We set it out as the best response to the criticisms of appellant:

2. INSTRUCTIONS:

> If you find from the evidence that the motorman in charge of the car in question slowed up the car, or stopped it, at the intersection of Ninth and State streets, expecting that the plaintiff's team would pass in front, and that thereupon the said motorman noticed the heads of plaintiff's team turning towards the south as if to pass behind the car; and if you find that the said mortorman believed, and had reason to believe, that it was the intention of the plaintiff to turn southward, and pass behind said car, and that thereupon the motorman moved the car forward to give the plaintiff more room in which to pass behind said car, and that the plaintiff's horses thereupon became frightened, and started suddenly toward and in front of the said car, and were by that means struck by the car; and if you conclude from such facts, if such you find to be the facts, that the accident occurred without negligence on the part of the defendant, as defined to you in these instructions — then your verdict will be for the defendant.

It will be observed that the facts as recited by the motorman are hypothetically stated, and not assumed, as contended, and that even then recovery is denied only on condition that the accident occurred without any negligence on the part of the defendant. The exceptions urged are based on the exclusion of this last clause, and of course, without it the instruction would have been erroneous. With it, the instruction is not vulnerable to the criticisms urged.

III. But the court might well have been more explicit,

in referring to the negligence of the defendant. Even though the motorman, acting as an ordinarily prudent person, might have supposed that plaintiff was attempting to drive behind the car, it was still a question whether, acting as an ordinarily cautious man, he should have started the car forward before the plaintiff had done so. And, even if he was not at fault in moving the car forward, yet if it had slowed down to four miles per hour, and he observed, immediately after moving it forward, that plaintiff's horses were frightened, had changed their course, and were undertaking to pass in front of the car, it was his duty to stop the car, if it could have been done, in the exercise of reasonable care, in time to avoid the injury. In other words, in submitting the theory of the case raised by the evidence introduced by defendant in the concrete, the situation, in so far as favorable to the plaintiff, and arising out of the same evidence, should also have been stated in the same way, rather than merely by reference to negligence in the abstract.

3. NEGLIGENCE: instructions.

IV. The following ordinances were excluded from evidence on objection by defendant because merely expressive of rules of law independent of such regulations: "(6) Conductors and drivers employed by said company shall use reasonable care and diligence to prevent injury to persons, and on the appearance of danger to any one on or near the track the car shall be stopped, when by so doing such danger can be averted. (7) All proper care shall be used by conductors and drivers to prevent injury to teams, carriages, wagons, and other vehicles." The ruling was correct. In the use of the streets the company was bound to exercise reasonable care, and in doing this must pursue such a course as will avoid injury to persons and property. If, to avert danger, the stopping of the car is necessary, it seems unnecessary to say that it must be stopped regardless of what the city council may think about the matter. See *Jeffrey v. Ry. Co.*, 51 Iowa, 439; *Mosnat v.*

4. NEGLIGENCE: evidence.

*Ry. Co.,* 114 Iowa, 151; *Isaackson v. Ry. Co.,* 75 Minn 27 (77 N. W. Rep. 433). See *Hart v. Cedar Rapids & M. C. R. Co.,* 109 Iowa, 631.

V. After the trial plaintiff was adjudged a bankrupt, and on motion of defendant the trustee was substituted as plaintiff about a year after the verdict was returned. There-

5. SUIT BY
BANKRUPT: .
parties.

upon the trustee filed his written consent that Christy prosecute the action in his own name.

That, under these circumstances, the plaintiff was authorized to prosecute the appeal, there can be no doubt. *Thatcher v. Rockwell,* 105 U. S. 467 (26 L. Ed. 949); *Brown v. Wygant,* 163 U. S. 624 (16 Sup. Ct. 1159; 41 L. Ed. 286); *Sullivan v. Rabb,* 86 Ala. 440 (5 South. Rep. 749); *Lancey v. Foss,* 88 Me. 218 (33 Atl. Rep. 1072). The trustee might decline to take the cause of action, and leave it to the bankrupt, and, having done so, the defendant cannot be heard to complain. As to it this was *res inter alios.* Whatever he may do hereafter by way of appropriating the proceeds of the litigation can in no way affect the defendant.— *Reversed.*