STATE OF IOWA, appellee, v. EDWARD JEROME CRAIG, appellant.

No. 49956.

(Reported in 106 N.W.2d 653)

DECEMBER 13, 1960.

James B. Morris, Jr., of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Ray Hanrahan, Polk County Attorney, and Ray Fenton, Assistant Polk County Attorney, for appellee.

LARSON, C. J.—Defendant was charged by Grand Jury indictment in two counts. Count I accused him of forgery, as defined in section 718.1 of the 1958 Code of Iowa, and charged he forged the name of Thomas Bennett on the back of a written instrument described in words and figures. Count II accused him of the offense of uttering a forged instrument, as defined in section 718.2 of the 1958 Code of Iowa, and charged that he "uttered and published as true a certain written instrument alleged and described in Count I hereof, and upon the back of which the name of Thomas Bennett has been forged." Following a plea of "Not Guilty" on each count, trial was had and, subsequent to the court's withdrawal of Count I from jury consideration, the defendant was found guilty as charged in Count II. He was sentenced to serve a term of not more than ten years in the State Penitentiary at Fort Madison, Iowa, and he appeals. Although he filed his abstract of record pro se and by counsel, no timely briefs and arguments were filed, and upon the State's motion October 18, 1960, we ordered the matter submitted on clerk's transcript and the abstracts of record. It was so submitted on November 15, 1960.

We have carefully examined the clerk's transcript as well as both abstracts of record filed herein. It is apparent defendant relies principally upon two alleged errors for reversal. He contends a necessary reference in Count II to the forged written instrument was eliminated when the court withdrew from jury consideration the charge of forgery in Count I, and that there was insufficient evidence of the offense of uttering a forged instrument when defendant merely presented the check to the store manager for his O.K. Neither contention has merit.

■■  I. An indictment is sufficient under section 773.3, Code, 1958, that uses the name given to the offense by statute and the number of the statute in the Code. Meeks v. Lainson, 246 Iowa 1237, 1239, 71 N.W.2d 446. Thus Count I herein charged defendant with forgery, as defined in section 718.1,

Code of 1958, and the rest of the information was set forth with the view of avoiding the necessity for a bill of particulars under section 773.34, Code, 1958. No bill of particulars was requested here and, by reference, the defendant was well informed as to the basis of the charge of uttering a forged instrument. No more is required. Thus the reference made in Count II to the written instrument described in Count I was at all times during the trial sufficient to describe the written instrument which the State claims the defendant uttered as genuine by presenting it to the store manager, Mr. William H. Detty, for his O.K. We are satisfied the reference properly and sufficiently identified the instrument involved.

██ ██ II. We have often said "forgery" and "uttering a forged instrument" are separate and distinct crimes. State v. Meeks, 245 Iowa 1231, 1237, 65 N.W.2d 76, and cases cited therein. The offense of uttering and publishing is proved by evidence of offering to pass the instrument to another person, declaring or asserting, directly or indirectly, by words or actions, that it is good. State v. Sherwood, 90 Iowa 550, 58 N.W. 911, 48 Am. St. Rep. 461; State v. Carter, 222 Iowa 474, 477, 269 N.W. 445; State v. Weaver, 149 Iowa 403, 128 N.W. 559, 31 L. R. A., N. S., 1046, Ann. Cas. 1912C 1137; State v. Calkins, 73 Iowa 128, 34 N.W. 777; Wharton's Criminal Law, Twelfth Ed., Volume 2, page 1215.

██ Here by presenting to Mr. Detty the purported Speas Company check in the sum of $87.15, payable to the order of Thomas Bennett, drawn on the Iowa-Des Moines National Bank, which was shown to be a false instrument, the defendant could be found guilty of uttering and publishing said instrument. It was unnecessary to prove the actual cashing of the O.K.'d check, for it was later found among the check receipts, endorsed by the "Safeway Stores, Inc.", and was subsequently rejected by the bank as a forged or unauthorized instrument. We are satisfied that by presenting the check to Mr. Detty for his O.K., the prohibited act of uttering was complete. By this action defendant represented the check was good, and thus obtained from Detty that which was in effect an endorsement.

██ ██ III. The offense of "forgery", we have said, may

be committed even though the name used be an assumed or fictitious one when it is also shown that it was used with the intent to defraud. State v. Meeks, supra, 245 Iowa 1231, 1237, 65 N.W.2d 76. We are satisfied it was not fatal to the State's case here when it failed to prove the forgery was committed by defendant himself, for there was substantial evidence from which the jury could find defendant knew the name of Bennett was fictitious, that the instrument was false, and intended by his acts to defraud the Safeway Stores.

Section 718.2, Code, 1958, provides: "If any person utter and publish as true any * * * instrument of writing mentioned in section 718.1, knowing the same to be false, altered, forged, or counterfeited, with intent to defraud, he shall * * *." It is clear defendant knew, from his associations or disclosed connections with other attempts to cash such checks, that the name of the payee was fictitious, that the check would not be honored, that by obtaining the store manager's O.K. the check would be cashed by the store cashiers and the store would be defrauded. Intent to defraud usually must be proved by circumstances. Although not seriously disputed here, we think the disclosed circumstances clearly justified the jury's finding of defendant's guilt.

Having found no reversible error, the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.