**Edward J. CRAIG, Petitioner,**

v.

**Charles H. HAUGH, Warden, Men's Reformatory, Anamosa, Iowa, Respondent.**

**Civ. No. 65–C–1–CR.**

United States District Court
N. D. Iowa,
Cedar Rapids Division.

April 21, 1965.

Don Bennett, for State of Iowa.

Robert Story, Anamosa, Iowa, for petitioner.

McMANUS, Chief Judge.

This action, by a state prisoner, is in forma pauperis for a Writ of Habeas Corpus. Evidentiary hearing has been held and briefs and arguments submitted by the parties.

## FINDINGS OF FACT

1. On May 6, 1959, at 4:30 p. m., petitioner was arrested without a warrant by a police officer on the sidewalk at the southeast corner of West Fifth and Locust Streets, Des Moines, Iowa.

2. At approximately 6:30 p. m. on May 6, 1959, two police officers, without a warrant, searched Room 400, a double room, at the Milner Hotel, Sixth and Mulberry Streets, Des Moines, Iowa, finding and seizing a suitcase belonging to petitioner.

3. Opening and searching the suitcase, one of the officers found some of petitioner's clothing and a Safeway grocery paper sack. Opening and searching the grocery sack, the officer found checks and a check protector machine, which had been stolen from the Speas Company.

4. At the time of the search, one Henry Edward DePue (DePue), a friend of petitioner, was registered in Room 400 under the assumed name of "Henry Edwards".

5. On May 6, 1959, petitioner occupied and used Room 400 and stored his suitcase therein with the permission and consent of DePue.

6. Neither petitioner nor DePue gave the police officers permission to search either Room 400 or the suitcase.

7. On September 30, 1959, after trial to a jury in the District Court of Iowa in and for Polk County at Des Moines, petitioner was convicted of the crime of uttering a forged instrument and on October 6, 1959, was sentenced to the State Penitentiary for a term of not exceeding 10 years at hard labor. On Appeal, the judgment of conviction and sentence was affirmed on December 13, 1960, by the Supreme Court of Iowa (State v. Craig, 252 Iowa 290, 106 N.W.2d 653). By virtue of said sentence, petitioner is presently restrained of his liberty by respondent in the Men's Reformatory, Anamosa, Jones County in the Northern District of Iowa.

8. Over petitioner's objection during his trial in said state court the suitcase, checks and check protector machine were offered by the state and admitted in evidence by the court.

9. On June 19, 1961, Mapp v. Ohio [1] was decided by the Supreme Court of the United States in which case the search and seizure occurred on May 23, 1957.

10. On June 22, 1962, petitioner filed a Petition for a Writ of Habeas Corpus in the District Court of Iowa in and for Lee County at Fort Madison claiming application of the Mapp rule, which Peti-

[1] 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. In Mapp, the Court ruled that illegally obtained evidence was inadmissible in state criminal trials.

tion was denied on June 26, 1962. Petitioner's Appeal from the state court ruling, treated as an Application for a Writ of Certiorari, was denied by the Supreme Court of Iowa on November 12, 1962. Thereafter, petitioner's Appeal to the Supreme Court of the United States, taken as a Petition for a Writ of Certiorari, was denied on March 18, 1963.[2]

## THE ISSUES

1. Were the searches and seizure on May 6, 1959, unreasonable and contrary to the Fourth Amendment to the Constitution of the United States?

2. If so, does the rule of Mapp v. Ohio, supra, apply?

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and the subject matter. Title 28 U.S.C.A. § 2241.

2. Petitioner has exhausted all remedies presently available in the courts of the State of Iowa. Title 28 U.S.C.A. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

3. Petitioner is entitled to question the reasonableness of the searches and seizure of May 6, 1959.

4. The search of Room 400 and the search and seizure of the suitcase on May 6, 1959, were unreasonable. U.S. Const. Amend. IV; United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); 86 A.L.R.2d 984 (1962).

5. There is a reasonable possibility that evidence obtained by the unreasonable searches and seizure contributed to petitioner's conviction in the state court on September 30, 1959. Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963); United States ex rel. Mancini v. Rundle, 337 F.2d 268 (3 Cir. 1964).

6. The rule of Mapp v. Ohio, supra, applies to this case.[3]

For the foregoing reasons, it is therefore

Ordered

1. The Petition of Edward J. Craig for a Writ of Habeas Corpus is granted with costs.

2. Issuance of the Writ is stayed for thirty days within which time the State of Iowa may either seek review of this decision or determine to retry the petitioner.

---

2. Craig v. Bennett, 372 U.S. 521, 83 S.Ct. 888, 9 L.Ed.2d 966. Throughout all of the collateral proceedings, petitioner has acted as his own attorney until, under 28 U.S.C.A. § 1915(d), on March 11, 1965, at this court's request, Mr. Robert H. Story, an attorney of Anamosa, Iowa, without compensation, has ably represented and assisted petitioner at the evidentiary hearing and subsequently herein.

3. The Circuits passing on the question of retroactive application of Mapp are divided. The Third, Fourth and Ninth Circuits hold Mapp retroactive. See United States ex rel. Mancini v. Rundle. 337 F.2d 268 (3 Cir. 1964); Hall v. Warden, 313 F.2d 483 (4 Cir. 1963); People of State of Cal. v. Hurst, 325 F.2d 891 (9 Cir. 1963). The Second, Fifth, Seventh and Tenth Circuits hold Mapp prospective. See United States ex rel. Angelet v. Fay, 333 F.2d 12 (2 Cir. 1964); United States ex rel. Linkletter v. Walker, 323 F.2d 11 (5 Cir. 1963); Sisk v. Lane, 331 F.2d 235 (7 Cir. 1964); Gaitan v. United States, 317 F.2d 494 (10 Cir. 1963). The question has not been decided by the Eighth Circuit. United States ex rel. Linkletter v. Walker, supra, is awaiting decision by the Supreme Court of the United States. 33 U.S.L.Week 3334 (April 13, 1965, No. 95).

In arriving at its decision, the court is impressed with the fact that the search in this case followed the search in Mapp by nearly two years. If the Mapp rule applies to the Mapp search, then it seems just to apply it here. This court also is inclined to resolve such serious constitutional questions in favor of the citizen's personal liberty and security.