Charles H. HAUGH, Warden, Men's
Reformatory, Anamosa, Iowa,
Appellant,

v.

Edward J. CRAIG, Appellee.

No. 18038.

United States Court of Appeals
Eighth Circuit.

Oct. 13, 1965.

Lawrence F. Scalise, Atty. Gen. of
Iowa, and Don R. Bennett, Asst. Atty.
Gen., filed brief and Donald A. Riley,
Asst. U. S. Atty. Gen., made argument,
for appellant.

Robert H. Story, of Remley & Heiser-
man, Anamosa, Iowa, for appellee.

Before MATTHES and GIBSON, Cir-
cuit Judges, and LARSON, District
Judge.

PER CURIAM.

Edward J. Craig, appellee, is a state
prisoner confined in Men's Reformatory,
Anamosa, Iowa, under a ten-year prison
term, which was imposed following the
finding by a jury on September 30, 1959,
that Craig was guilty of the offense
of uttering a forged instrument. The
judgment of conviction was affirmed by
the Supreme Court of Iowa on December
13, 1960. State v. Craig, 252 Iowa 290,
106 N.W.2d 653.

Following Mapp v. Ohio, 367 U.S. 643,
81 S.Ct. 1684, 6 L.Ed.2d 1081, decided
June 19, 1961, which held that the States
are required by the Due Process Clause
of the Fourteenth Amendment to exclude
evidence seized in violation of the search
and seizure provisions of the Fourth
Amendment, appellee sought his release
by a petition for writ of habeas corpus
filed in a state district court of Iowa,
alleging applicability of the Mapp rule.
This petition was denied. The Supreme
Court of Iowa refused to review the pro-
ceeding, by order entered November 12,
1962, and the Supreme Court of the
United States denied petition for certio-
rari on March 18, 1963. Craig v. Ben-
nett, 372 U.S. 521, 83 S.Ct. 888, 9 L.Ed.
2d 966.

Appellee then instituted this proceed-
ing by filing a petition for writ of habeas
corpus in the United States District
Court for the Northern District of Iowa,
on January 11, 1965. This petition was
predicated upon the claim that evidence,
obtained by a search and seizure which
was violative of the Fourth Amendment,
was admitted in the state trial and that
the admission of such evidence resulted
in his conviction. On April 21, 1965,
after a hearing, the District Court, Hon-
orable Edward J. McManus, found that
appellee had exhausted all post-conviction
remedies available in the Iowa state
courts; that the search of the hotel room,
which had been occupied by appellee,
was unreasonable and in violation of the
search and seizure provisions of the
Fourth Amendment; and that the evi-
dence obtained by the unreasonable
search and seizure contributed to appel-
lee's conviction in the state court. The
court applied the rule of Mapp v. Ohio,
supra, retroactively and granted the writ.
The district court's findings of fact and
conclusions of law are reported. Craig
v. Haugh, 242 F.Supp. 775. The warden

of the institution in which appellee is confined has appealed.

The main issue for our determination is whether, in view of Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601, decided by the Supreme Court on June 7, 1965, the district court erred in holding that Mapp v. Ohio, supra, should be applied retroactively, even though the state court conviction had become final before Mapp was decided.

The split of authority that developed in the courts of appeals (see footnote 2, Linkletter, supra,) concerning the retrospectivity of Mapp, caused the Supreme Court to grant certiorari "in order to settle what has become a most troublesome question in the administration of justice." Linkletter v. Walker, supra, at 620, 85 S.Ct. at 1732. The Court noted at the outset of its opinion that "[t]his case presents the question of whether this requirement operates retrospectively upon cases finally decided in the period prior to Mapp", Id., at 619–620, 85 S.Ct. at 1732, and again "[t]herefore, in this case, we are concerned only with whether the exclusionary principle enunciated in Mapp applies to state court convictions which had become final before rendition of our opinion." Id., 622, 85 S.Ct. at 1734.

After an exhaustive consideration of all facets of the question, the Court reached the conclusion that the Mapp exclusionary rule does not operate retrospectively upon cases finally decided in the period prior to Mapp. "After full consideration of all the factors we are not able to say that the Mapp rule requires retrospective application." Id., at 640, 85 S.Ct. at 1743.

Appellee concedes that his conviction had finally terminated prior to Mapp, but contends that Linkletter does not *prohibit* retroactive application of the Mapp rule. He argues that Linkletter simply stands for the proposition that the Mapp rule does not *require* retrospective application. We disagree with this ingenious argument and hold that, on the authority of Linkletter, the exclusionary

principle enunciated in Mapp does not apply to appellee's case.

If, as appellee contends, Linkletter neither *prohibits* nor *requires* retrospective application of the exclusionary rule, the effect of Linkletter would be to leave the question of retroactivity to the discretion of each court. Under such an interpretation, Linkletter would do little, if anything, to remedy the split of authority which existed in the courts of appeals. Certainly that split of authority was a motivation for the Supreme Court's consideration of the Linkletter case. Therefore, the Court's opinion should not be interpreted in a way which would nullify a resolution of the conflict among the courts as to the retrospectivity of the Mapp rule. Manifestly, the Supreme Court intended to, and did, put to rest the question before us by holding unequivocally that the exclusionary principle does not apply to state court convictions which had become final before Mapp was decided.

The order appealed from is reversed, and the cause remanded, with directions to dismiss appellee's petition.