STATE of Iowa, Appellee,

v.

T. Robert NELSON, Appellant.

No. 62164.

Supreme Court of Iowa.

May 30, 1979.

Thomas O. Albers of Fisher, DeWaay & Albers, Rock Rapids, for appellant.

Thomas J. Miller, Atty. Gen., and Ann Fitzgibbons, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J. and LeGRAND, HARRIS, ALLBEE, and LARSON, JJ.

LeGRAND, Justice.

Defendant was convicted of uttering a forged instrument in violation of § 718.2, The Code, 1977. He was sentenced to a term of not more than ten years in the penitentiary, a judgment from which he appeals. We affirm.

The facts are not seriously controverted. Defendant was engaged in the real estate business. His wife was unwilling to sign the loan instruments necessary to permit defendant to obtain financing. He had one Melva Roos sign his wife's name to a $40,-000.00 promissory note payable to Melvin Savings Bank. Defendant received the proceeds from this instrument.

Although this case was tried after January 1, 1978, the events leading to the prosecution occurred in 1975. All proceedings, including both trial and sentence, were under the Code of 1977.

Section 718.2, The Code, 1977, provides as follows:

If any person utter and publish as true any record, process, certificate, deed, will, or any other instrument of writing mentioned in section 718.1 [including a promissory note] knowing the same to be false, altered, forged, or counterfeited, with intent to defraud, he shall be imprisoned in the penitentiary not more than ten years, or imprisoned in the county jail not exceeding one year, or fined not exceeding one thousand dollars.

On this appeal defendant asserts the trial court failed to provide him with effective counsel by unreasonably limiting the amount to be allowed for attorney fees; that the trial court abused its discretion in sentencing him; and that the trial court erred in its instructions to the jury. We take up first the question of instructions.

I. Defendant claims error because the instructions permitted the jury to find him guilty of uttering a forged instrument without first finding the promissory note was in fact a forgery.

The instructions included the following:
*Instruction No. 9*

The laws of Iowa provide that if any person utter and publish as true any forged instrument, knowing the same to be forged, with intent to defraud, he is guilty of uttering a forged instrument.

This is the offense charged in the information in this case.
*Instruction No. 10*

Before the defendant can be found guilty of the offense charged in the information, the State must establish by the evidence beyond a reasonable doubt each and all of the following propositions:

1. That the defendant, on or about November 4, 1975, in Osceola County, Iowa, did utter and publish as true the promissory note referred to in the information and in evidence herein as Exhibit A.

2. That said promissory note was a forged instrument.

3. That at the time said promissory note was uttered and published the defendant knew that it was a forged instrument.

4. That at the time said promissory note was uttered and published, the defendant did so with intent to defraud.

If the State has failed to establish any one or more of the foregoing propositions beyond a reasonable doubt, you should acquit the defendant, but if the State has proven all of said propositions beyond a reasonable doubt, then it will be your duty to return a verdict of guilty of the offense of uttering a forged instrument.
*Instruction No. 12*

One of the propositions that the State must establish is that the instrument, Exhibit A, was in fact a forged instrument.

For the purposes of this case, a forged instrument is a promissory note which is not genuine, but instead is one which purports to place a legal liability upon a person when no legal liability exists, or one which purports to confer a legal right where no right exists. If the name of a person is signed to a promissory note, as

maker, without authority, there is no legal liability upon the person whose name is used, and such a promissory note would be a forged instrument.

Uttering a forged instrument is a crime separate and distinct from the forgery itself. *State v. Hancock*, 164 N.W.2d 330, 336 (Iowa 1969) and *State v. Craig*, 252 Iowa 290, 293, 106 N.W.2d 653, 655 (1960).

To establish defendant's guilt, the state must prove the instrument was uttered with intent to defraud, but it need not prove it was made with such intent. In *State v. Entsminger*, 160 N.W.2d 480, 486 (Iowa 1968) we said:

> An essential element of uttering a false or forged instrument is that it is in fact a forgery, *or of such a character that, if made with fraudulent intent*, the maker would be guilty of forgery. (Emphasis added)

*See also Bieber v. State*, 8 Md.App. 522, 261 A.2d 202, 205 (1970).

However, defendant argues the instructions required a finding that the note was a forgery without defining what constitutes forgery. We do not believe the instructions are open to this complaint.

Instruction 12 clearly told the jury what constituted forgery for the "purpose of this case." We believe the instruction was adequate, and the claim it would tend to confuse the jury is without merit.

II. We next consider the question of ineffective assistance of counsel. During the entire proceedings defendant was represented by his present counsel. Although defendant owned considerable property, it was heavily encumbered. At the time he was involved in bankruptcy proceedings. The trial court entered an order limiting expenditures for attorney fees to $500.00. Defendant argues that this deprived him of effective counsel.

Defendant has shown no prejudice from this order, whether it was improvidently entered or not. Of course, the principle that an indigent defendant is entitled to effective representation is well established. *Zacek v. Brewer*, 241 N.W.2d 41, 51

(Iowa 1976). It is also the general rule that counsel is entitled to payment for the services rendered. A careful review of the record indicates defendant had effective representation. It appears counsel acted competently and diligently in the defendant's behalf.

Of course, counsel cannot offer a defendant only token representation because his compensation is inadequate. His remedy would be to withdraw from the case. If he stays on, he must afford the defendant the kind of effective representation to which every defendant is entitled. We believe counsel fulfilled this obligation here.

The mere fact that counsel is underpaid is alone no ground for reversal. Defendant is entitled to relief only if prejudice results. *Mason v. Arizona*, 504 F.2d 1345, 1352 (9th Cir. 1974), *cert. denied* 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412; *State ex rel. Stephens v. District Court*, 170 Mont. 22, 550 P.2d 385, 389 (Mont.1976); *State v. Mempa*, 78 Wash.2d 530, 477 P.2d 178, 181 (1970). There is no showing of such prejudice here and we find defendant is not entitled to relief on this ground.

III. This leaves for consideration the matter of sentencing. The statute (§ 718.2) permits the sentencing judge a number of alternatives. He adopted the most severe, and defendant asserts this was an abuse of discretion.

We have said that a sentence within the statutory limits will be set aside only for an abuse of discretion. *State v. Peckenschneider*, 236 N.W.2d 344, 348 (Iowa 1975); *State v. Horton*, 231 N.W.2d 36, 39 (Iowa 1975); *State v. Cupples*, 260 Iowa 1192, 1197, 152 N.W.2d 277, 280 (1967).

The trial court stated it had considered the pre-sentence report and had also considered the provisions of § 789A.1 of The Code relating to sentence. The pre-sentence report, incidentally, recommended "some kind of punishment" rather than probation.

The only objection raised is that the trial court abused its discretion. The record fails to bear that out. The judge weighed the

options available, considered the statutory provisions and the pre-sentence report, had the benefit of observations made during trial, and, after all this, selected one of the options authorized by the legislature.

We believe this was a proper exercise, rather than an abuse, of discretion.

IV. The questions raised by defendant concerning appointment of counsel for purposes of appeal have been rendered moot by a decision of the Court of Appeals in the case of *T. Robert Nelson v. Murray S. Underwood as the Judge of the District Court of Iowa*, filed February 22, 1979, and we give that matter no consideration.

V. Finding no reversible error, we affirm the judgment.

AFFIRMED.

All Justices concur except REYNOLD-SON, C. J., and ALLBEE, J., who concur in the result.