# IN THE COURT OF APPEALS OF IOWA

No. 18-1043
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**WILLIAM GENE MOYERS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Mark E. Kruse,

Judge.

William Moyers appeals the sentence imposed upon his plea of guilty.

**AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Stephan J.

Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

William Moyers appeals the sentence imposed upon his plea of guilty. He asserts there is no statutory authority for the department of correctional services to make a recommendation to the sentencing court as to an appropriate sentence when preparing the presentence investigation (PSI) report, and he argues the district court therefore considered an improper factor in sentencing him.

Our supreme court rejected this argument in *State v. Headley*,

> [Iowa Code s]ection 901.5 [(2015)] contains numerous sentencing options from incarceration to deferred judgment. When the department of correctional services recommends a deferred judgment, deferred sentence, or a suspended sentence, each of which is accompanied by probation, the department is telling the court the defendant can be rehabilitated in the community without incarceration, is a low risk for recidivism, and is not a danger to the community. When the department of correctional services recommends incarceration, the department is telling the court that the defendant cannot be rehabilitated in the community, is a high risk for recidivism, or is a danger to the community. This information is "pertinent information" for a court to consider when sentencing a defendant under section 901.5.
> Moreover, we have previously held any sentencing recommendations contained in the PSI are not binding on the court. *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977). Therefore, the court did not abuse its discretion when it considered the department of correctional services' sentencing recommendation. *See State v. Nelson*, 279 N.W.2d 1, 3–4 (Iowa 1979) (holding trial judge properly exercised discretion by selecting sentence after weighing the options available, considering the statutory provisions, and considering the PSI, despite the PSI recommending "some kind of punishment" rather than probation).

926 N.W.2d 545, 552 (Iowa 2019). Because the district court did not abuse its discretion when it considered pertinent information contained in the PSI report, we affirm.

Nor did Moyers's counsel provide ineffective assistance by not objecting to the court's use of the PSI report's recommendation. *See State v. Graves*, 668

N.W.2d 860, 881 (Iowa 2003) ("Trial counsel has no duty to raise an issue that has no merit.").

**AFFIRMED.**