# IN THE COURT OF APPEALS OF IOWA

No. 21-1457
Filed June 15, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**HEATHER RENEE REED,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Brendan E. Greiner, District Associate Judge.

A defendant appeals a sentence imposed after the entry of a guilty plea to child endangerment resulting in bodily injury. **AFFIRMED.**

Jamie Hunter of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

Heather Reed appeals her sentence imposed after the entry of a guilty plea to child endangerment resulting in bodily injury. Reed asserts that the district court relied on impermissible factors during sentencing and the prison sentence imposed by the district court was an abuse of discretion. We affirm.

## I.      Background Facts and Proceedings

The State charged Reed with two counts in 2019: child endangerment resulting in bodily injury, a class "D" felony, and assault causing bodily injury or mental illness, a serious misdemeanor. *See* Iowa Code §§ 727.6, 708.1 (2019). In 2020, Reed entered a written guilty plea to the child endangerment charge in exchange for the dismissal of the misdemeanor assault charge. In the written guilty plea, Reed admitted that she was the guardian of the minor child and "use[d] unreasonable force that resulted in injury to the minor child, and may have caused emotional harm to the child." The plea agreement included a recommendation for a suspended sentence, three years of probation, and the ability to argue for a deferred judgement. Reed waived her right to be present at the plea proceeding. She did not waive her right to be personally present at sentencing.

A sentencing hearing was held via videoconference. No exhibits or testimony were offered at the hearing. Reed was sentenced to an indeterminate five-year term of incarceration. Reed appealed, claiming that she did not waive her right to be personally present at the sentencing. The State agreed and moved to reverse. On May 6, 2021, the Iowa Supreme Court vacated the sentence and remanded for resentencing.

The resentencing hearing was held before a different judge. The court considered six exhibits offered by Reed, an updated presentence investigation (PSI) report, testimony from Reed's therapist, Reed's allocution, and a victim impact statement prepared and read by the mother of the minor child. The State and the defendant requested that the court follow the PSI recommendation for a suspended sentence and probation. The district court rejected those recommendations and imposed an indeterminate five year term of incarceration, setting forth the reasons for the sentence:

> I had an opportunity to review the exhibits that were submitted by the defendant, I've had an opportunity to consider the testimony of the therapist, I've had an opportunity to consider the allocution along with the victim impact statement and the presentence investigation report. . . .
>
> Ms. Reed, I do want you to understand that I appreciate the progress that you have made since this occurred. I appreciate the fact that you have made some steps in the right direction. I've looked over all the reports from those exhibits and considered the testimony of your therapist as well, and it does seem like you're moving in the right direction. I've also considered the facts and circumstances of this crime, which I find abhorrent. And when I consider that in balancing with everything else, I'm not sure that probation is appropriate.
>
> There is no circumstance in which a child should be subjected to this kind of violence. There is no circumstance. . . . And it's not just [B.B] who is affected by this. And I believe that [B.B.] will probably have some things to work through for a long time. But this obviously has a significant impact on other members of [B.B's] family as well. Whenever he is acting out in anger because of the residual trauma that he felt at your hands, then that effects other folks and they have to deal with it.
>
> And so when I think about your rehabilitation plus protection of the community from further offenses from you and from others who are similarly situated to you, I'm going to enter the following order, and I do so in balance with considering your criminal record, your statement, your mental health history, your maximum opportunity for rehabilitation, your age, character, and the victim impact statement.

## II.    Analysis

Reed challenges the district court's sentence on two grounds: (1) the court relied on impermissible sentencing factors, and (2) the court's five-year prison sentence was an abuse of discretion.  When reviewing sentencing decisions, we review them for correction of errors at law.  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002) (citing *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998)).  "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure."  *Id.*  If the sentence is within the statutory limits, the district court's decision is "cloaked with a strong presumption in its favor."  *Id.*; *see also State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983).  But when the court uses any improper consideration, resentencing is required.  *State v. Chambers*, No. 13-0984, 2014 WL 957614, at *1 (Iowa Ct. App. Mar. 12, 2014).

### a.  Sentencing Factors

Reed asserts that the district court relied on unproven crimes or misconduct alleged in the victim impact statements.  Since the initiation of the case, three victim impact statements were filed.  The first was prepared before Reed's decision to plead guilty.  The second was prepared for the first sentencing hearing.  And the third was prepared for resentencing.  Reed alleges that the first victim impact statement contained two unproven, unprosecuted offenses—Reed touching B.B. inappropriately and Reed scratching B.B. on his chest and neck.  Reed also alleges the second victim impact statement included several more unproven offenses—Reed abusing the child, B.B. telling a doctor about the inappropriate touching by Reed, and involvement by the Iowa Department of Human Services (DHS) on other occasions.  Reed finally alleges that the third victim impact

statement "implied" a long history of unproven abuse by Reed—referring to prior involvements with DHS and B.B.'s multiple trips to the emergency room.

When we review allegations of improper sentencing considerations, we do not draw inferences which are not apparent from the record. *Formaro*, 638 N.W.2d at 725. And "without any clear evidence to the contrary," we assume the district court considers the portions of victim impact statements which are relevant to their decision. *State v. Sailer*, 587 N.W.2d 756, 763–64 (Iowa 1998).

Contrary to Reed's assertions about the first two victim impact statements, this record does not support her assertions that the district court considered those two statements in its sentencing decision. Both were filed before the resentencing; and the resentencing was conducted by a different judge. Further, in outlining its reasoning, the district court referenced having "an opportunity to consider the allocution along with *the* victim impact statement. . . ." (Emphasis added). Later, the court also said, "I'm going to enter the following order, and I do so in balance with considering . . . *the* victim impact statement." (Emphasis added). The court did not state that it considered the prior victim impact statements. Because it is not apparent from the record, we will not infer that the court considered them.

And in looking at the third victim impact statement, there is no indication the district court relied on unprosecuted charges. Reed argues this third victim impact statement included accusations that B.B. had to be taken to the emergency room and that there were two prior DHS involvements. Reed also argues the third victim impact statement commented on Reed's demeanor and lack of remorse at the first sentencing hearing. Nothing in the district court's sentencing decision discusses prior DHS involvement. The court noted consideration of "the facts and

circumstances of this crime." But the court did not discuss considering any other unproven crime or misconduct by Reed, only her conduct in this specific crime.

And even if a judge was aware of the uncharged offense, it is not enough to overcome the presumption that the discretion was exercised properly. *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). "To overcome the presumption 'there must be an affirmative showing that the trial judge relied on the uncharged offenses.'" *Id.* (quoting *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990)). Here, there is no affirmative showing that the judge relied on prior DHS involvement in its sentencing. With no clear evidence from Reed, we will not assume a judge failed to exercise proper sentencing discretion. *See Sailer*, 587 N.W.2d at 764.

### b. Abuse of Discretion

Reed argues that the district court abused its discretion in sentencing Reed to an indeterminate five-year period of incarceration. When a sentence is within the statutory limits, we review for an abuse of discretion. *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018). An abuse of discretion is found when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)). "[I]t is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724; *see* Iowa Code § 901.5 ("The court shall determine . . . which [sentencing option] will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.").

Reed first asserts that the district court's prison sentence does not advance either purpose given in *Formaro*, including rehabilitation of the offender or the protection of the community. *See* 638 N.W.2d at 724. Reed argues that she will be unable to attend her weekly therapy sessions, keep her current employment, and continue to care for her children. Reed also points to her Iowa Risk Revised assessment score in the low/moderate category for future victimization and her Dynamic Risk Assessment for Offender Re-entry score that placed her in the low category to recidivate.

We agree that Reed will suffer consequences from her sentence. We also agree that her risk assessment scores provide "pertinent information" to the judge for sentencing. *See State v. Headley*, 926 N.W.2d 545, 551 (Iowa 2019) (describing risk assessment tools as "provid[ing] pertinent information that a sentencing judge may consider"). But neither makes Reed's sentence unreasonable.

The district court acknowledged Reed's progress at her therapy sessions. But the district court balanced this progress with other pertinent factors, including the facts of the crime and the consequences of Reed's actions on B.B. The district court also stated that it considered Reed's rehabilitation, but weighed it against the "protection of the community from further offenses from [Reed] and from others who are similarly situated." It concluded that a prison term was warranted. Based on this, we cannot say that the court abused its discretion.

Reed also asserts that the district court's sentence was unreasonable because the court did not follow the recommendations of the PSI report and the parties. A recommendation against a prison term in a PSI report is "pertinent

information" that tells the court that "the defendant can be rehabilitated in the community without incarceration, is a low risk for recidivism, and is not a danger to the community." *Id.* at 552. However, "any sentencing recommendations contained in the PSI are not binding on the court." *Id.* (citing *State v. Grgurich*, 253 N.W.2d 605, 606 (Iowa 1977)).

District courts—in exercising their discretion—are free to weigh all the options available to them to determine the proper sentence. *See State v. Nelson*, 279 N.W.2d 1, 3–4 (Iowa 1979) ("The judge weighed the options available, considered the statutory provisions and the presentence report, had the benefit of observations made during trial, and, after all this, selected one of the options authorized by the legislature."). This is not an abuse of discretion.

The district court weighed the options available in determining a proper sentence. The court balanced Reed's age, character, mental-health history, and criminal record along with her allocution, considered the maximum opportunity for her rehabilitation, and considered the victim impact statement. Though the court elected not to follow the recommendations of the parties and the PSI report, the court is not required to do so. *See State v. Miglio*, No. 15-0169, 2015 WL 7075833, at *4 (Iowa Ct. App. Nov. 12, 2015) (stating that the PSI report's recommendation is "a factor that could influence the sentencing decision"). It is not unreasonable for a court to decline to follow the recommendation. *See Headley*, 926 N.W.2d at 552; *Nelson*, 279 N.W.2d at 4; *Grgurich*, 253 N.W.2d at 606.

**III.    Conclusion**

The district court did not rely on impermissible sentencing factors and did not abuse its discretion in sentencing. We affirm the sentence.

**AFFIRMED.**