# IN THE COURT OF APPEALS OF IOWA

No. 24-0039
Filed February 19, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRACY VERN BUCHHOLZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Bremer County, Chris Foy, Judge.

A defendant appeals the sentences imposed following his entry of guilty pleas to assault with intent to commit sexual abuse in two cases. **AFFIRMED.**

Charles D. Paul of Nidey Erdahl Meier & Araguás, PLC, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

Tracy Buchholz appeals the sentences imposed following his guilty plea to two counts of assault with intent to commit sexual abuse. Buchholz claims the district court relied on unlawful sentencing factors and disregarded mitigating circumstances, resulting in an abuse of discretion.[1] Upon our review, we affirm.

## I.  Background Facts & Proceedings

This appeal concerns two criminal cases consolidated on appeal. In each case, the State charged Buchholz via trial information with sexual abuse in the third degree, in violation of Iowa Code sections 709.1 and 709.4(1)(a) (2022). Buchholz pled not guilty to both charges.

The first case to proceed to jury trial concerned Buchholz's acts against J.B. During trial, J.B. testified that on February 8, 2022, Buchholz encountered J.B. alone in her work office. The two were previously acquainted, although they did not know each other well. After talking with J.B. about matters unrelated to her work, Buchholz asked J.B. for a hug. J.B. testified she was becoming very uncomfortable, and although she did not want to hug Buchholz, she agreed, thinking he would leave sooner if she went along with it. Against J.B.'s will, Buchholz then began kissing, groping, and restraining J.B. Before he quit, he touched her genitals on top of her clothing.

---

[1] Despite entering a guilty plea, we have jurisdiction to hear Buchholz's appeal because Buchholz has established good cause by challenging his sentence, which was not an agreed term of the plea deal. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").

Buchholz testified in his own defense, but before the State could cross-examine him, Buchholz accepted a mid-trial plea offer that covered both pending prosecutions. Rather than proceeding with the fourth day of the jury trial, the district court conducted a plea hearing. Buchholz entered a plea of guilty in both cases to amended charges of assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11.[2]

Buchholz agreed the district court could rely on the evidence presented during trial as the factual basis for his plea to the offense against J.B. He agreed the submitted minutes of testimony in his separate case would be the basis for his plea to the offense against J.M. Additionally, during the plea colloquy, Buchholz described what he believed was his culpable conduct against J.M. He explained, on or about April 25, 2022, "[J.M.] was at Sweets Marsh and I approach [sic] her, and I got out of the car and gave her a hug. And then at that time, I probably grabbed—I believe I grabbed her by the buttocks." He also said he grabbed J.M.'s breasts and forced a kiss on her. He admitted he intended to commit a sex act against her, despite being aware of the offensive nature of his contact.

The plea agreement did not limit what either party could ask for at sentencing. And the State conveyed during the plea hearing the prison sentences it intended to seek—the statutory maximum of two years of imprisonment for each offense, to be served consecutively. The district court discussed with Buchholz the possibility of spending up to four years in prison.

---

[2] The State had the burden to prove Bucholz committed an assault on the victim and did so with the specific intent to commit a sex act, both elements which Bucholtz admitted at the plea hearing.

At sentencing, J.B. and J.M. each read their victim impact statements to the court.  The district court also received a presentence investigation report (PSI), which recommended a suspended sentence with probation.  Attached to the PSI were two supporting documents: a psychosexual assessment report and Buchholz's written account of the crimes.  The written account denied that Buchholz assaulted either victim with the intent to commit sexual abuse, accusing both victims of initiating the contact.  The report described that Buchholz denied doing anything more than hugging J.B. and denied having any physical contact with J.M.

The district court sentenced Buchholz to two consecutive indeterminate prison terms, each not to exceed two years.  Buchholz appeals.

## II.     Standard of Review

We apply an abuse of discretion standard when reviewing a sentence that does not exceed the statutory limits.  *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019).  A sentence that falls "within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters."  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  Buchholz bears the burden of "overcom[ing] the presumption in favor of the sentence by affirmatively demonstrating the court relied on an improper factor."  *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020).

### III. Sentencing

#### A. Sentencing Factors

Buchholz claims the district court abused its discretion by relying on unproven allegations in J.M.'s victim impact statement and by failing to give greater consideration to the PSI's sentencing recommendation.

A sentencing court is required to "state on the record the basis for the sentence imposed." Iowa R. Crim. P. 2.23(2)(g). Courts must consider the sentencing recommendation of both parties, the victim impact statements if any were provided, "[t]he content and recommendation of the [PSI]," and "[a]ll other factors required by law to be considered." Iowa R. Crim. P. 2.23(2)(f). Other pertinent matters a court may consider include "the nature of the offense, the attending circumstances, [the] defendant's age, character and propensities, and [the] chances of his reform." *Headley*, 926 N.W.2d at 550 (alteration omitted). In contrast, "[a] court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998).

At sentencing, the district court stated:

> What I am going to consider and what I feel compels the sentence I'm going to impose is in both cases, you acted in an aggressive manner. With [J.B.], you did have inappropriate sexual contact with her. Inappropriate contact that I think was sexually motivated. [J.M.], in her victim impact statement, has indicated that you treated her in a manner that sounds very similar to how [J.B.] was treated. And the fact that you felt your behavior in either case was . . . acceptable or . . . would not result in some kind of consequences, that's concerning. . . .
> And . . . something else that has . . . had an impact on my decision here, probably not as big of an impact as the fact that we

have two victims two different times, but both in . . . the statement that you gave to the preparer of the . . . presentence investigation report, and in your dealings with the psychosexual evaluator, you denied having any contact of a sexual nature.

Mr. Buchholz, I don't believe that. I heard [J.B.]. I saw her on the stand. I cannot . . . credit your statement that you made to two different people then, after pleading guilty, that nothing happened. And the fact that you felt it was, again, that it was acceptable to completely deny any inappropriate contact, causes me to question . . . the weight I should give the presentence investigation, PSI recommendation, because if they're accepting your statement, they're . . . basing their judgment, their opinions on incorrect, false information. . . .

So to me, the fact that within a six-week period you, you assaulted two women, your assault in both cases was sexually motivated, and while you did not—in your plea—did not necessarily admit to a sex act in either case, I believe I can rely on the record from the trial in the case involving [J.B.] to conclude that there was contact of a sexual nature. *And [J.M.] in her victim impact statement has indicated the same level of contact, and offensive and sexually motivated contact.*

(Emphasis added.)

Buchholz alleges the above italicized sentence shows the district court determined Buchholz committed a sex act against J.M. and factored that determination into the decision to impose the maximum sentence. But we do not agree the court's statement, which recognized "the same level of conduct," means the court decided Buchholz committed a sex act against J.M. Nowhere in the record did the court say Buchholz committed a sex act against or had sexual contact with J.M.

When discussing both cases, the court said, "[Buchholz] acted in an aggressive manner" and "assaulted" both women based on his sexual motivation. These statements do not accuse Buchholz of any conduct beyond that necessary

to establish guilt for the crimes Buchholz admitted to in his guilty plea. *See* Iowa Code § 709.11. The court added:

> I am basing my decision on what I . . . know about your actions involving [J.B.], and I'm also then basing them on what you've admitted to and what you pled guilty to with respect to [J.M.] And because I think protection of the community and deterrence of others is going to require incarceration, I will be sentencing you to prison.

Because it is not apparent from the record, we will not infer that the district court considered an unproven allegation. *See Formaro*, 638 N.W.2d at 725. Lacking clear evidence from Buchholz, we assume the district court "filter[ed] out improper or irrelevant evidence" and exercised proper discretion. *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998).

We also reject Buchholz's argument that the district court failed to adequately consider the recommendation in the PSI. The record reveals the district court considered the PSI and exercised judicial discretion in deciding the weight to give it. *See Headley*, 926 N.W.2d at 552 ("[S]entencing recommendations contained in the PSI are not binding on the court."). "We believe this was a proper exercise, rather than an abuse, of discretion." *State v. Nelson*, 279 N.W.2d 1, 4 (Iowa 1979).

### B.  Mitigating Factors

Lastly, Buchholz contends the district court abused its discretion by failing to consider all mitigating factors and imposing consecutive sentences. Buchholz argues his sentences do not advance the societal goals of criminal sentencing and that issuing consecutive sentences is "beyond what was necessary."

Together with the information identified in Iowa Rule of Criminal Procedure 2.23(2), before pronouncing a sentence, a district court must consider what

sentencing options will best advance the societal goals of criminal sentencing. *See* Iowa Code § 901.5; *Formaro*, 638 N.W.2d at 724. The societal goals "focus on rehabilitation of the offender and the protection of the community from further offenses." *Formaro*, 638 N.W.2d at 724. When determining how to achieve those goals, relevant factors include: "the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 724–25. It is within the discretion of the district court to determine what sentence will best achieve these goals. *See* Iowa Code § 901.5.

The record shows the district court balanced the relevant and lawful factors, including mitigating factors, when deciding what sentence best advanced the social goals of criminal sentencing. The court acknowledged Buchholz has "very little in the way of criminal history," which would typically weigh "in favor of a more lenient sentence."

But the court determined the nature of Buchholz's conduct and the need to protect the community outweighed this mitigating factor. The court expressed concern that both of Buchholz's offenses were against victims that he knew, involved similar aggressive and sexually-motivated offensive contact, and occurred in secluded environments that limited the victims' opportunities to protect themselves. Buchholz does not argue the court failed to provide reasons for the imposition of the consecutive sentences but rather that the sentence was too severe. The court stated its decision to impose consecutive sentences was based on the same reasons it imposed prison time. *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016) (recognizing the imposition of consecutive sentences may be

based on the same reasons as those supporting incarceration). The imposition of consecutive sentences was within the statutorily mandated discretion of the court.

## IV. Conclusion

Buchholz has failed to affirmatively demonstrate the district court relied on impermissible sentencing factors or abused its discretion when it imposed sentences within statutory limitations.

**AFFIRMED.**